[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2011
JOHN LEY
CLERK

No. 10-15917
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00047-MSS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK CONNOLLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 10, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Connolly appeals *pro se* the district court's order denying his motion

for the return of property, which we construe liberally to have been filed pursuant to Fed.R.Crim.P. 41(g).  In 2010, Connolly pled guilty to one count of enticing a minor to engage in sexually explicit activity for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e).  In his written plea agreement, Connolly and the government agreed that he would forfeit: "the items seized from the defendant as reflected in the search warrants executed in this investigation that contain child pornography"; "any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant that contain[s] child pornography"; and "the computer equipment that was the subject of the search warrants executed in this investigation that contain[s] child pornography."  After the court entered a final judgment, Connolly moved *pro se* for the return of "any and all personal property seized in this criminal action, *as agreed upon in [his] plea agreement*" (emphasis added).  The district court denied his motion upon finding that he agreed to forfeit all items associated with his offense.  The court did not specify the provision under which it construed Connolly's motion to be filed, or whether the denial was with or without prejudice.

On appeal, both Connolly and the government concur that the district court abused its discretion in denying his motion for the return of property because the court should have read his motion to refer only to the property to which he was

2

otherwise entitled, that is, property seized from him that was not associated with his offense. The government adds that, as Connolly filed his motion *pro se*, the district court should have given him an opportunity to clarify the property he sought before denying him relief.

We review the denial of a motion to return property in a criminal case for abuse of discretion. *United States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008). Pleadings filed by *pro se* litigants are entitled to a liberal construction. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). The government's "concession of a point on appeal is by no means dispositive of a legal issue." *Gilbert v. United States*, 640 F.3d 1293, 1306 n.14 (11th Cir. 2011) (*en banc*).

Under Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Rule 41 also requires that law enforcement prepare an inventory of all seized property and deliver a copy of the inventory to the district court, which, in turn, must deliver a copy to the defendant upon his request. Fed.R.Crim.P. 41(f)(1).

When a motion for the return of property under Rule 41(g) is filed after a conviction, we treat it as a civil action in equity. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir 2005); *United States v. Potes Ramirez*, 260 F.3d

3

1310, 1314 (11th Cir. 2001) (holding that a Rule 41 motion for return of property is a civil action subject to the 60-day appeal period in Fed.R.App.P. 4(a)(1)(B)). A district court should grant relief only if the movant meets two requirements. First, the movant must demonstrate that he has a possessory interest in the seized property. *Howell*, 425 F.3d at 974 (holding that the defendant had no possessory interest in cash he received during a controlled purchase and firearms that he would not legally be entitled to possess as a convicted felon). Second, the movant must show that he has "clean hands" with respect to that property. *Id.*; *see also United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006) (holding that the district court acted within its discretion in denying the defendant's Rule 41(g) motion because to do otherwise would have returned the fruits of his crimes), *abrogated on other grounds*, *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Where a defendant is convicted of an offense involving the sexual exploitation of a minor, as was Connolly, he must forfeit his interest in any: (1) images containing sexually explicit depictions of minors; (2) property constituting or traceable to profits from the offense; and (3) property used or intended to be used to commit the offense. 18 U.S.C. § 2253(a).

The required balancing of the equities is a task for the district court to perform in the first instance. *De La Mata*, 535 F.3d at 1279 (vacating the district

4

court's reinstatement of forfeiture orders because it did not expressly consider the defendants' Rule 41(g) motions). Where a more carefully drafted pleading might state a claim for relief, the district court should provide the plaintiff at least one opportunity to amend before dismissing with prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overturned in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*).

While district court correctly observed that Connolly agreed to forfeit offense-related property in the plea agreement, it failed to recognize that the plea agreement did not provide for the forfeiture of property unrelated to the offense, or read Connolly's *pro se* motion to seek only the property to which he was entitled under the plea agreement and the controlling statutes. Accordingly, we agree with the parties that the district court abused its discretion in denying Connolly's motion, and remand with instructions to: (1) determine the appropriate forum in which to adjudicate Connolly's motion to return property; (2) devise measures, to the extent permitted under Rule 41 and if it determines that it retains jurisdiction, to ensure that Connolly is made aware of all property presently in the government's possession; (3) permit Connolly to re-file a Rule 41(g) motion that clarifies the property in which he believes he continues to retain an interest; and (4) order the government to file a response that informs the court of its own

interest or the absence thereof, in the property specified in Connolly's renewed motion, as well as any subsequent actions that may impact the disposition of his request.

**VACATED AND REMANDED.**