[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11616
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20104-RLR-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARKENTZ BLANC,
a.k.a. Blind,
a.k.a. Burns,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 21, 2017)

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Markentz Blanc ("Defendant") appeals the district court's denial of his motion under Fed. R. Crim. P. 41(g) for the return of property lost through criminal forfeiture.  We affirm.

## I.  INTRODUCTION

Defendant was charged with numerous crimes, including drug trafficking, unlawful possession of a firearm, and identity theft.  His indictment contained a forfeiture provision that included a list of vehicles, firearms, and currency subject to forfeiture upon conviction.  Defendant was convicted of all but one of the twenty-five counts and sentenced to 300 months' imprisonment.  At Defendant's sentencing hearing on July 6, 2015, the Government advised the court that Defendant did not oppose the forfeiture of two vehicles—a Nissan Altima and a Hyundai Genesis—being part of the judgment.  The court accepted the forfeiture into the record and said it would be part of the judgment.

The district court entered a preliminary order of forfeiture on August 3, 2015, and ordered the Government to publish notice of the preliminary order, as required by Fed. R. Crim. P. 32.2(b)(6).[1]  Defendant did not appeal this order.  On September 29, 2015, the Government filed a declaration of publication, which indicated that notice of forfeiture was posted on an official government internet

---

[1]  Rule 32.2 of the Federal Rules of Criminal Procedure outlines the procedures to be followed when effecting a criminal forfeiture.

site for at least thirty days (August 8, 2015 to September 6, 2015). The notice listed the Altima, the Genesis, and $9,428.00 in U.S. currency. The notice further indicated that anyone with a third-party claim to the forfeited property needed to make a claim within sixty days of the first date of publication on August 8th.

On January 27, 2016, four months after the filing of the declaration of publication, Defendant filed a *pro se* motion, entitled "Motion for Return of Property Pursuant to Rule 41 and in Light of Rule 32.2 Violations as Mandated Within United States v. Petrie, 302 F.3d 1280, 1290, (11th Cir. 2002)."[2] In the motion, Defendant argued that the property should be returned to Sabrina Merilia, Defendant's girlfriend,[3] because she was not provided notice that the Government was seeking forfeiture against the property and because the property was not the proceeds of any drug trafficking. Merilia attached an affidavit in which she claimed that she had purchased the vehicles with money from lawful employment, that the currency was her savings, and that she assumed the cars would be returned to her after the case.

---

[2] Fed. R. Crim. P. Rule 41(g) allows a person who has had property seized as part of a criminal forfeiture to move for its return:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

[3] In its brief, the Government refers to Merilia as Defendant's wife.

On March 10, 2016, Defendant moved for default judgment on his motion for return of property. The district court summarily denied Defendant's motion for return of property in an order entered on March 22, 2016. The court subsequently denied Defendant's motion for default judgment on April 7, 2016. Defendant filed a notice of appeal, dated March 31, 2016, which was entered on April 7, 2016. In the notice, Defendant indicated he intended to appeal the denial of the motion to return property and the denial of default judgment.

After raising a jurisdictional question concerning the timeliness of the appeal and receiving submissions from both Defendant and the Government, a panel of this Court deemed Defendant's appeal to have been filed on March 31, 2016, meaning that his appeal of the March 22, 2016 order was timely. Because the April 7th order did not exist at the time that Defendant filed his notice of appeal, however, the Court determined that it could not review that order, which had denied default judgment. The Court also determined that the notice of appeal was not timely to seek review of the August 4, 2015 preliminary forfeiture order. Accordingly, this appeal concerns only the district court's March 22, 2016 order denying Defendant's motion for return of property.

## II. DISCUSSION

Before turning to the merits of Defendant's motion, we address the Government's argument that we have no jurisdiction to hear this appeal. The

Government argues that because Defendant's appeal is actually an attack on the preliminary forfeiture order, this Court does not have jurisdiction over this appeal, and so it should be dismissed. A panel of this Court, however, has already ruled that we have jurisdiction to hear this appeal because it was timely filed. The law-of-the-case doctrine requires us to abide by that decision.[4] *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). That said, the Government is correct that Defendant's arguments in his brief only address the propriety of the preliminary forfeiture order and do not otherwise support his motion.[5] As we have already ruled that we lack jurisdiction over the preliminary forfeiture order, this line of argument does not help Defendant. That Defendant has chosen to make arguments that may have no chance of success, however, does not mean that we lack jurisdiction over his otherwise properly and timely filed appeal.

As to the merits of Defendant's appeal, a district court's conclusions of law in denying a motion for return of seized property or rejecting a third-party's claims to property subject to criminal forfeiture are reviewed *de novo*. *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005); *United States v. Marion*, 562 F.3d

---

[4] There are three exceptions to the law-of-the-case doctrine: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law, and (3) the prior decision was clearly erroneous and would be manifestly unjust. *Stinson*, 97 F.3d at 469. We conclude that none of these exceptions apply here.

[5] Relying on *United States v. Petrie*, 302 F.3d 1280, 1284–85 (11th Cir. 2002), Defendant argues that the district court did not have jurisdiction to enter the preliminary order of forfeiture because it was issued after sentencing, and Rule 32.2 requires that it be done before. *Petrie*, 302 F.3d at 1284–85.

1330, 1335 (11th Cir. 2009).  Any factual findings made as part of this analysis are reviewed for clear error.  *Howell*, 425 F.3d at 973; *Marion*, 562 F.3d at 1335.  When an individual moves for return of his property under Rule 41(g) after the close of all criminal proceedings, the motion is treated as a civil action in equity.  *Howell*, 425 F.3d at 974.  To prevail, he must show a possessory interest in the property seized and that he has "clean hands."  *Id.*

Defendant does not directly assert that he has a possessory interest in the forfeited property.  To the contrary, Defendant agreed at his sentencing hearing that he did not oppose the forfeiture of the vehicles as part of the judgment.  Even if Defendant had a possessory interest in the property, though, his lack of clean hands precludes a ruling in his favor.  Having been convicted of all but one of the counts against him in the underlying trial, Defendant does not have clean hands.  The trial evidence established that the vehicles were used to facilitate Defendant's offenses, and that the money sought by Defendant was proceeds of the criminal offenses, and so subject to forfeiture.  As we have held, it would be inequitable to "return to a criminal the fruits of his crimes."  *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006), *overruled on other grounds by United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009).  The district court therefore correctly denied Defendant's Rule 41(g) motion for return of his property.

Merilia's alleged third-party interests in the property do not call for a different result. Once a preliminary forfeiture order as to third parties is issued, an ancillary proceeding can be conducted under Fed. R. Crim. P. 32.2(c). Fed. R. Crim. P. 32.2(b)(4). The court can only determine whether a third party has an interest in the property, however, if the party first files a claim in that ancillary proceeding. *Marion*, 562 F.3d at 1336. Under 21 U.S.C. § 853(n)(7), a third party has thirty days from the final publication notice of the preliminary forfeiture order to file a claim. Failure to do so results in forfeiture of the third party's interest, and the preliminary order becomes final. *Id.* at 1336–37. "Once the final order has been entered, neither the defendant nor a third party may object on the ground that the third party had an interest in the property." *Id.* at 1336. Defendant does not point to anything in the record to indicate that Merilia ever filed a claim under Rule 32.2(c), let alone a timely one, even though the district court noted in the March 22nd order that "a final order of forfeiture has not been issued in this cause. Sabrina Merilia should file her claim forthwith." No claim by Sabrina Merilia having been filed, any interest she might have had in the property is not properly before us. Moreover, even had Merilia filed a claim, it is she who should be challenging the forfeiture, not Defendant.

7

## III.  CONCLUSION

The district court properly denied Defendant's motion to return property.

Accordingly, the district court's denial of Defendant's motion is **AFFIRMED**.