[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13343
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 15, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 00-00065-CR-HLM-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRANGER HOWELL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 15, 2005)**

Before BIRCH, CARNES and FAY, Circuit Judges.

FAY, Circuit Judge:

On March 15, 2001, the defendant-appellant, Granger Howell, tendered a guilty plea to one count of Conspiracy to Distribute Cocaine, a class A felony,[1] and was sentenced to 180 months imprisonment and five (5) years of supervised release. On February 9, 2004, the defendant filed a Fed.R.Crim.P. 41(g) motion for return of $140,000 seized at the time of his arrest and for the return of three firearms seized during a consented search of his residence. The district court denied relief, finding that Howell had no possessory interest in the money and that the firearms could not be returned to a convicted felon. We Affirm.

I. Factual Background

On Thursday, September 27, 2000, defendant, Granger Howell was arrested at a motel in Dalton, Georgia for possession of a controlled substance. According to the facts in the instant case, around April or May of 2000, a cooperating source (hereafter referred to as "CS-1") began to purchase large quantities of cocaine from the defendant. Over the course of these transactions, CS-1 made only partial payments for the cocaine. At the time CS-1 made the last purchase in September of 2000, CS-1 owed the defendant approximately $230,000.

The defendant arranged a meeting at a motel in Dalton, Geogia in order to

---

[1]Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine, 21 U.S.C. §§ 846, 841(b)(1)(A)(ii) (2005).

2

collect this debt. This meeting took place on September 27, 2000, and was accomplished under the supervision and control of law enforcement agents. Shortly after CS-1 and the defendant entered the motel room and discussed the arrangement for repayment, CS-1 showed the defendant the $140,000 of Official Advanced Funds (hereafter referred to as "OAF.") At this time, agents stormed the room and arrested the defendant.

Subsequently, the defendant waived his Miranda rights and admitted his drug transactions with CS-1. These transactions involved more than thirty (30) kilograms of cocaine. Shortly after his arrest, the defendant consented to have law enforcement officers search his residence. Pursuant to the search, three firearms were seized: one (1) AMT 9 mm Kurz pistol, serial number D15458; one (1) .44 Smith and Wesson revolver, serial number AE42717; and one (1) .45 Glock, model 21pistol, serial number AYK699.

On March 15, 2000, the defendant tendered a negotiated plea of guilty to the above-mentioned charges. Contained within the plea agreement was a forfeiture provision where the defendant agreed to forfeit certain assets. None of the listed assets are subject to this appeal. On June 21, 2001, the district court sentenced the defendant.

On February 9, 2004, the defendant filed a Rule 41(g) motion for the return of the seized property.[2] On May 24, 2004, the district court denied the defendant's motion. The district court held that because the cooperating source used funds that belonged to the government, the defendant had no property interest in these monies. With respect to the firearms, the district court denied the request because the defendant is a convicted felon and returning firearms to a convicted felon would be in violation of 18 U.S.C § 922(g). We agree with the findings of the district court and affirm the rulings.

## II. Standard of Review

We review questions of law dealing with a district court's denial of a motion for return of seized property, de novo. United States v. Castro, 883 F.2d 1018, 1019 (11th Cir.1989). Factual Findings are subject to a clearly erroneous standard. Parker v. Head, 244 F.3d 831, 836 (11th Cir.2001).

---

[2]Included in the motion was the money, and firearms described above and an additional $2,370.00. With respect to this money the record shows that the defendant signed and acknowledged receiving this amount on September 28, 2000 from Special Agent Mike Rotti, Federal Bureau of Investigations. Therefore this issue is moot.

### III. Equitable Test

In cases such as this, courts sit in equity. A motion to return seized property under Fed.R.Crim.P. 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision. When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity. See United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir.2001); see also United States v. Martinez, 241 F.3d 1329, 1330-31 (11th Cir.2001) (holding that a district court has equitable jurisdiction over a Rule 41(e) motion brought after all criminal proceedings against a defendant have ended.)

Rule 41 (g) provides:

> "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

Fed. R. Crim. P. 41(g) (2005).

In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government. Under the uncontradicted facts in this matter there is no basis for any claim by the defendant

5

of any possessory interest in the $140,000 of OAF. The funds at issue were funds allocated specifically to set the stage for the arrest of the defendant for possession and intent to distribute a controlled substance, a federal criminal offense. As for the three seized firearms, it is undisputed that the defendant was the record owner of all three of these firearms; however, returning firearms to a convicted felon specifically violates a federal statute.

Furthermore, in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands. See Gaudiosi v. Mellon, 269 F.2d 873, 881-82 (3d Cir.1959)(stating, no principle is better settled than the maxim that he who comes into equity must come with "clean hands" and keep them clean throughout the course of the litigation, and that if he violates this rule, he must be denied all relief whatever may have been the merits of his claim.)

The doctrine of "unclean hands" is an equitable test that is used by courts in deciding equitable fate. The defendant in the instant case has come into court with extremely "unclean hands. " One engaged in this type of criminal conduct is hardly entitled to equitable relief.

## IV. $140,000 of Official Advanced Funds

The defendant raises three arguments as to the $140,000 of OAF. We find all three reasons to be unsupported by the evidence and unpersuasive.

First, the defendant argues that the government failed to notify him of the seizure of the $140,000 without due process of law. Second, he argues that the government failed to enact forfeiture proceedings for the $140,000. Finally, the defendant argues that the government should not be allowed to unilaterally decide that the money which was seized at the time of the arrest did not belong to him. Meaning, that the court system, not the government, should decide if the defendant had a property interest in the $140,000.

i. Due Process

The defendant claims that the government violated his Fifth Amendment Constitutional right when it deprived him of the $140,000 without due process of law. The defendant relies on a United States Supreme Court case that also dealt with a Rule 41(g) motion for return of property. See  Dusenbery v. United States, 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002).  The fallacy in this argument and the reason Dusenbery has no applicability is that Howell has no ownership right in these funds. Aside from the fact that the money was being used for a criminal conspiracy, the government agents had total control over the activities in the motel room and the money was nothing more than "show money" to corroborate this criminal conduct.

The $140,000 never belonged to the defendant and he never gained

7

ownership or control of these funds. This money was provided by the government to arrest the defendant, remained in control of the government, and was used under the supervision of the government to catch a drug dealer.

## ii. Failed to Enact Forfeiture Proceedings

The defendant argues that in order for a government to legalize a seizure, the government and its agencies must adhere to certain specific mandatory requisites of the law including the giving of notice to the owner and all interested parties. See United States v. Williams, 130 Fed. Appx. 301, 302-03 (11th Cir.2005); see also 19 U.S.C. § 1607; 21 C.F.R. 1316.75. This argument fails for the same reason set forth above. Howell had no ownership interest in the $140,000 "show money" provided by the government.

## iii. Whether the Court or the Government Decides Ownership Interest?

The defendant raises the issue of whether the government or the court should decide the fate of the $140,000 after notice and a hearing. The defendant argues that the government is not a disinterested decision maker when it comes down to the $140,000. Again, we find no merit in this argument. The defendant has failed to realize that his ownership interest in $140,000 of OAF is nil. The money belonged to the government at all times throughout the drug transaction. Therefore, the government could have properly taken back its OAF without notice and a

8

hearing at any time. Indeed, the government never gave up either ownership or control of these funds.

### V. Possessory Interest in Firearms According to 18 U.S.C § 922(g)

The issue of whether a convicted felon can successfully seek the return of firearms is one of first impression for our circuit. The defendant's firearms were seized after he was arrested on September 27, 2000. On May 24, 2004, the district court denied the defendant's 41(g) motion for return of the firearms, stating that possession of the firearms, either actual or constructive, violate 18 U.S.C. § 922(g). We agree with the district court's ruling.

18 U.S.C. § 922(g) provides in pertinent part:

> "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

18 U.S.C. § 922(g) (2005); see also 18 U.S.C. § 922(d)(1) ("It shall be unlawful for any person to sell or otherwise dispose of any firearm to any person knowing . . . that such person is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.")

It is undisputed that on March 15, 2000, the defendant entered a guilty plea for a serious federal felony. On June 21, 2000, the defendant was sentenced and

9

became a convicted felon. Consequently, the defendant properly falls into the category of 18 U.S.C. § 922(g). The defendant argues that even though he is a convicted felon he retains an ownership interest in the three firearms. He suggests that his position is supported by Cooper v. City of Greenwood, 904 F.2d 302 (5th Cir.1990). In Cooper, the defendant, a convicted felon, brought a civil action for damages pursuant to 42 U.S.C. § 1983 for the seizure of firearms confiscated by the government in relation to his felon-in-possession charges. The Fifth Circuit Court of Appeals agreed with the defendant and held that he had a possessory interest in the firearms.

> "Concluding that . . . firearms are not contraband per se, we hold that Cooper's claimed ownership interest in the firearms survived his criminal conviction and could not be extinguished without according him due process."

Cooper, 904 F.2d at 304 (footnote omitted).

However, Cooper involves an action brought under 42 U.S.C. § 1983 for damages and does not deal with a motion for the return of property under Rule 41(g). Actions under 42 U.S.C. § 1983 and Rule 41(g) are birds of a different feather.

A convicted felon's 41(e)[3] motion for equitable relief for the return of

---

[3] As noted above, Fed.R.Crim.P. 41(e), has been changed to 41(g).

10

firearms has been addressed by our sister circuit. See United States v. Felici, 208

F.3d 667 (8th Cir.2000). In Felici, the defendant was convicted of various

methamphetamine and firearms-related felony offenses. Defendant filed a

Fed.R.Crim P. 41(e) motion seeking the return of confiscated property which

included firearms. The Eight Circuit affirmed the denial of the request, holding:

> "Rule 41(e) compels a district court to afford such persons an opportunity to submit evidence in order to demonstrate that they are lawfully entitled to the challenged property. . . . When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing. Federal law prohibits convicted felons from possessing guns. Based upon [defendants's] status as a convicted felon, the district court could properly conclude without receiving evidence that [the defendant] is not entitled to a return of firearms."

Felici, 208 F.3d at 670 (internal citations omitted).

The Eighth Circuit's ruling in Felici creates persuasive authority that if an

individual is a convicted felon, that individual will not be entitled to the return of

seized firearms, either directly or indirectly. Requiring a court to return firearms to

a convicted felon would not only be in violation of a federal law, but would be

contrary to the public policy behind the law.

The facts in the instant case are almost identical to Felici. In both, convicted

felons filed a 41(g) motion asking for the return of firearms that were seized during

their arrest. We agree with the conclusion that to do so would be a clear violation

11

of 18 U.S.C. § 922(g).

Alternatively, the defendant argues that he may lawfully posses the three seized firearms constructively. Although not actual possession, the defendant asks this court to either place the firearms in the possession of a relative in trust or sell the firearms and distribute the proceeds to him. Even though the defendant's rationale is interesting, it is beyond the scope of Rule 41(g). We agree with the Eight Circuit in concluding that any firearm possession, actual or constructive, by a convicted felon is prohibited by law.

"Federal law prohibits convicted felons from possessing guns. . . . [The defendant] is also not entitled to have the firearms held in trust for him by a third party. Such a request suggests constructive possession. Any firearm possession, actual or constructive, by a convicted felon is prohibited by law." Felici, 208 F.3d at 670.

The fact that the defendant was in lawful possession and was not a convicted felon when he acquired the three firearms is irrelevant. 18 U.S.C. § 922(g) was specifically designed to serve public policy and prevent convicted felons from having either constructive or actual possession of firearms. This statute was designed to work retroactively, and once an individual becomes a felon, he will be in violation of 18 U.S.C. § 922 if found to be in possession of a firearm.

Obviously, the courts cannot participate in a criminal offense by returning firearms to a convicted felon.[4]

## VI. Conclusion

In order for one to receive relief under Fed.R.Crim.P. 41(g), the individual must have an ownership right to the property in question. Furthermore, according to sound equitable principles, the movant must come into the transaction with "clean hands." The defendant in this case has no ownership interest in the $140,000 and has "unclean hands." In addition, Rule 41(g) deals solely with the return of property and 18 U.S.C. § 922 prohibits the return of firearms to a convicted felon.

**AFFIRMED.**

---

[4]We express no opinion on whether or not Howell may file an action under 42 U.S.C. § 1983 for the value of the firearms.