[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12715
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2010
JOHN LEY
CLERK

D.C. Docket No. 9:07-cr-80051-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIEN GARCON,
a.k.a. Johnathan Imgramham,
a.k.a. Julian Garcon,
a.k.a. Tedric Sherman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 21, 2010)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Julien Garcon, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion for return of property, filed pursuant to Fed.R.Crim.P. 41(g). On appeal, Garcon contends that the district court erred in denying his Rule 41(g) motion. Specifically, he argues that the court should have ordered the government to return $48,865.00 in United States currency, the two identification documents, and the 40 loose photographs. He also asserts that the district court did not give him adequate time to object to the magistrate's report and recommendation ("R & R"). For the reasons stated below, we affirm.

I.

In 2007, a jury convicted Garcon of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Garcon to a term of 120 months' imprisonment. We affirmed Garcon's conviction and sentence on direct appeal. *United States v. Garcon*, 349 Fed.Appx. 377 (11th Cir. 2009). Garcon subsequently filed a 28 U.S.C. § 2255 motion to vacate sentence, which currently is pending before the district court.

In December 2009, Garcon filed a *pro se* motion under Fed.R.Crim.P. 41(g) seeking the return of certain property seized by the government. After the district court ordered Garcon to clarify the property at issue, Garcon filed an amended motion explaining that he was seeking the return of: (1) $48,865 in U.S. currency;

2

(2) "40 loose pictures;" (3) an auto auction card; (4) a driver's license; (5) a soil compressor; (6) a hydraulic jack; (7) a plastic bin; (8) an Audi A6 vehicle; and (9) handcuffs.

In its response, the government explained that the $48,865 in U.S. currency was given to the West Palm Beach Police Department for safekeeping, and ultimately had been forfeited as abandoned property to the City of West Palm Beach. The government stated that the 40 loose photographs and a box containing handcuffs already had been returned to Garcon's designee. The government explained that the two identification cards mentioned by Garcon, a Miami Auto Auctions card and a driver's license, had evidentiary value, and, therefore, needed to remain in the government's possession until Garcon's § 2255 motion was resolved. Next, the government explained that the soil compressor and hydraulic jack had been used to press cocaine hydrochloride into bricks. Therefore, the government argued that those items were contraband and should not be returned to Garcon. Finally, the government explained that the Audi A6 vehicle was quick-released to Capital One Auto Finance, which held a lien on the vehicle.

In support of its response, the government submitted an affidavit by Special Agent James Matthews of the Drug Enforcement Administration, who served as the case agent in the federal prosecution of Garcon. Agent Matthews explained

that the $48,865 in U.S. currency was given to the West Palm Beach Police Department for safekeeping. The police department sent a notification letter to an address for Shari Morant, the individual who signed the lease for the apartment from which the money had been recovered but the money went unclaimed and ultimately was forfeited to the City of Palm Beach as abandoned property. Agent Matthews stated that agents already had returned the 40 loose pictures and a box containing handcuffs to Garcon's designee. Agent Matthews was planning to make arrangements to return two plastic bins to Garcon's designee as well.

Agent Matthews stated that the two identification cards, a Miami Auto Auctions card and driver's license would have evidentiary value in any retrial of Garcon. He indicated that he would return the Miami Auto Auction card to Garcon's designee after all proceedings concerning Garcon's conviction were completed. Agent Matthews explained that the driver's license appeared to be a counterfeit document, and, as such, should not be returned to Garcon. Next, Agent Matthews explained that the soil compressor and hydraulic jack appeared to have been used to compress cocaine hydrochloride into bricks. He explained that the surface of the soil compressor had tested positive for cocaine. Accordingly, Agent Matthews asserted that the soil compressor and hydraulic jack were drug paraphernalia that should not be returned to Garcon. Finally, Agent Matthews

4

explained that the Audi A6 had been quick-released to Capital One Auto Finance, which held a lien on the vehicle, in accordance with DEA policy.

On March 29, 2010, a magistrate issued an R & R concluding that Garcon's motion for return of property should be denied. First, the magistrate noted that Agent Matthews's affidavit stated that the government had already returned the 40 loose pictures, plastic bin, and handcuffs to Garcon. The magistrate observed that Garcon had not challenged that contention, despite having ample time to do so. Therefore, the magistrate recommended that the motion be denied as moot with respect to those items. Next, the magistrate noted that the $48,865 had been given to the West Palm Beach Police Department and had been forfeited to the City of Palm Beach as abandoned property. The magistrate concluded that the government did not have the ability to return the currency because the government had never taken possession of it.

Next, the magistrate concluded that Garcon was not entitled to the return of the Miami Auto Auctions card or driver's license because those documents would be needed as evidence at a retrial in the event that Garcon was able to successfully overturn his conviction in the § 2255 proceedings. The magistrate also concluded that Garcon could not recover the soil compressor or hydraulic jack because those items had been used to package cocaine, and, therefore, were contraband. Finally,

the magistrate determined that Garcon's motion should be denied with respect to the Audi A6 because that vehicle had been quick-released to a lien holder, Capital One Auto Finance. Accordingly, the magistrate recommended that Garcon's motion to return property be denied.

On April 8, 2010, less than 14 days after the R & R was entered, the district court adopted the magistrate's report and denied Garcon's Rule 41(g) motion. On April 20, 2010, Garcon's objections to the R & R were filed with the district court. Garcon certified that he had placed his objections in the institutional mail on April 7, 2010, nine days after the magistrate's report was entered. In his objections, Garcon stated that he never received a copy of the government's response, and, therefore, did not have an opportunity to contest the government's assertion that it already had returned the 40 loose pictures, plastic bin, and the handcuffs. He asserted that the government had not submitted any evidence showing that the $48,865 in U.S. currency had been forfeited He also argued that any forfeiture order was invalid because neither he nor the lease holder, Shari Morant, received notice of the forfeiture proceedings.

Next, Garcon argued that the soil compressor and hydraulic jack were not contraband because no cocaine residue had been found on those items. He stated that the government had violated his Fourth and Fifth Amendment rights by

turning the Audi A6 over to Capital One Auto Finance without giving him prior notice. Finally, Garcon asserted that the government did not have a continuing need for the identification cards because his conviction had been affirmed on direct appeal.

## II.

In considering the district court's denial of a Fed.R.Crim.P. 41(g) motion to return property, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005). Although we liberally construe *pro se* briefs, issues not raised on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Samson*, 518 F.3d 870, 874 (11th Cir. 2008). We do not consider arguments raised for the first time in a reply brief. *Id.*

Under Federal Rule of Criminal Procedure 41(g), an individual whose property has been seized by the government may file a motion for return of the property. Fed.R.Crim.P. 41(g). A Rule 41(g) motion is treated as a civil action in equity. *Howell*, 425 F.3d at 974. The movant must demonstrate that he has a possessory interest in the seized property and that he has "clean hands" with respect to that property. *Id.* The First Circuit has held that "a Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized

property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007) (quotation omitted). If the government wishes to retain the property, it must have and state a legitimate reason for doing so. *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001). The government is not obligated to return property that it no longer possesses, but it must provide some evidentiary support for its claim that it no longer has possession of the property. *See id.* (holding that the district court erred when it relied on the government's representation that the property sought by the defendant had been destroyed because the government did not submit any evidence of the property's destruction).

In this case, Garcon's opening brief does not challenge the denial of his motion with respect to the plastic bin, the handcuffs, the soil compressor, or the hydraulic jack. Therefore, Garcon has abandoned any argument that he is entitled to the return of those items. Although Garcon did not expressly mention the Audi A6 in his initial brief, we will liberally construe his arguments regarding forfeiture as referring to both the vehicle and the currency.

The district court properly denied Garcon's Rule 41(g) motion with respect to the $48,865 in United States currency because that money had been turned over

8

to the to the City of West Palm Beach Police Department, and ultimately was forfeited to the City of West Palm Beach. Although Garcon contends that the city did not provide sufficient notice of the forfeiture proceeding, the real question is not whether the forfeiture comported with the requirements of due process, but rather, whether the government was in possession of the currency. Because the government demonstrated that it no longer had possession of the currency, the district court correctly found that the government did not have the ability to return it to Garcon.

Garcon also failed to demonstrate that he was entitled to the return of the Audi A6. The record reflects that the Audi was quick-released to Capital One Auto Finance, which held a lien on the vehicle. Garcon failed to show that he had a possessory interest in the Audi that was superior to that of the lien holder. *See Howell*, 425 F.3d at 974 (explaining that the movant must demonstrate that he has a possessory interest in the seized property).

Next, the government was not obligated to return the Miami Auto Auctions card or the driver's license because those items would be needed as evidence in the event that Garcon's pending 28 U.S.C. § 2255 motion is successful and he is able to obtain a new trial. *See Pierre*, 484 F.3d at 87 (stating that a Rule 41(g) motion should be denied if the government's need for the property as evidence

9

continues).  Finally, Agent Matthews reported that the 40 loose photographs already had been returned to Garcon's designee, and Garcon failed to offer any evidence to refute that contention.  Because the property that Garcon sought to have returned either was not in possession of the government, was still needed as evidence, or already had been returned to Garcon's designee, the district court properly denied Garcon's Rule 41(g) motion.

## III.

A district court may direct a magistrate to prepare an R & R containing proposed findings of fact and a recommended disposition with respect to a dispositive motion.  28 U.S.C. § 636(b)(1).  The parties have 14 days from the day on which they receive the R & R to file objections.  *Id.*  The district court must conduct a *de novo* review of those portions of the R & R to which an objection is made.  *Id.*

In this case, the district court did not afford Garcon a full 14 days to object to the R & R.  Nevertheless, under the particular circumstances of this case, we conclude that the district court's procedural error was harmless because all of Garcon's objections to the R & R were meritless.  Garcon's objections regarding the United States currency, the identification cards, the Audi A6, and the 40 loose photographs fail for the reasons described above.  Garcon's objections concerning

10

the plastic bin, the handcuffs, the soil compressor, and the hydraulic jack likewise lacked merit. Garcon did not present any evidence to contradict the government's assertion that the handcuffs and plastic bin had already been returned or would be returned to his designee. With respect to the hydraulic jack and the soil compressor, Garcon's only argument was that the government had not presented any evidence linking those items to illegal drugs. According to Agent Matthews' affidavit, however, both items were found in close proximity to cocaine and drug paraphernalia, and the soil compressor tested positive for the presence of cocaine. Thus, the district court correctly concluded that the hydraulic jack and the soil compressor were contraband. Since none of Garcon's objections to the R & R were meritorious, we conclude that the district court's error in failing to consider those objections was harmless.

Accordingly, after review of the record and the parties' briefs, we affirm the denial of Garcon's Fed.R.Crim.P. 41(g) motion.

**AFFIRMED.**