[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15632
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00123-CEH-MAP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES LEE COBB, III,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 9, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant James Lee Cobb, III ("Defendant"), proceeding *pro se*, appeals

the district court's denial of his motion under Fed. R. Crim. P. 41(g) for the return

of property seized during the investigation of his underlying criminal case.

Concluding that the district court did not err in denying Defendant's motion, we

affirm.

## I.    BACKGROUND

In December 2014, Defendant pled guilty without a plea agreement to

various criminal charges related to wire fraud, identity theft, and unlawful

possession of a firearm.  Although the superseding indictment contained forfeiture

provisions, these provisions did not cover the items at issue in this appeal.  The

court sentenced Defendant to 324 months' imprisonment and five years of

supervised release.

After his sentencing, Cobb filed a motion under Fed. R. Crim. P. 41(g)[1] for

return of property confiscated during a search of his home.  He sought the return of

five vehicles,[2] two flat-screen televisions, three pieces of white-gold jewelry, and

two pieces of yellow-gold jewelry.  He argued that the confiscated property was

---

[1] Rule 41(g) reads:

> Motion to Return Property.  A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

[2] The five vehicles listed were a 2007 Chevy Silverado, a 1988 Nissan Sentra, a 2005 Kawasaki Ninja ZX 10, a 2005 Cadillac XLR, and a 2002 Ford Focus.

not relevant to his criminal case and thus was seized in violation of his Fourth and Fourteenth Amendment rights.

In its initial reply to Defendant's motion, the Government argued, among other things, that returning Defendant's property would be premature, as Defendant was appealing his criminal conviction. The Government noted it would need to maintain all existing evidence in the event Defendant's appeal succeeded. If Defendant's conviction was affirmed, the Government would then consider whether to return any property it possessed.[3] Alternatively, the Government observed that the personal property could properly be used to help satisfy part of the $1.8 million in restitution previously ordered by the district court. In a supplemental response filed two days later, the Government advised that it had learned that the federal government did not have possession of any of the five vehicles whose return was sought by Defendant in his motion and that the City of Tampa, having earlier released some of the vehicles, was in the process of auctioning off any remaining vehicles.[4] The Government attached portions of a report from the Tampa Police Department indicating that the Department had

---

[3] This Court affirmed Defendant's convictions and sentences in his direct appeal several months after his Rule 41(g) motion was denied. *See United States v. Cobb*, 842 F.3d 1213, 1215 (11th Cir. 2016).

[4] The Tampa Police Department had worked with the federal government in the investigation of Defendant and it was purportedly the entity that had custody of vehicles listed in Defendant's motion.

seized the televisions and vehicles listed in Defendant's motion. The records further indicated two of the vehicles purportedly owned by Defendant—a 1988 Nissan Sentra and a 2005 Kawasaki Ninja ZX 10—had been authorized for release by Sharla Canfield, a detective with the Tampa Police Department, though the records did not indicate to whom the vehicles were released. The remaining three vehicles had either already been auctioned or were scheduled to be auctioned a week after the Government filed its supplemental response.

In a second supplemental response, the Government noted that the yellow-gold jewelry referenced in Defendant's motion was never seized by law enforcement, and included an affidavit from Canfield so testifying. The Government also included an affidavit from IRS special agent Glenn Hayag, who testified as well that the yellow-gold jewelry was not seized and that the Government was still holding the white-gold jewelry for evidence. Over Defendant's objection,[5] the district court adopted the magistrate judge's Report and Recommendation, and denied Defendant's motion.

Defendant appeals the district court's denial of his motion. In his appellate brief, Defendant addresses only the vehicles that were auctioned or released, so we

---

[5] Defendant argued that his property was seized without a valid warrant, that the federal government did not have jurisdiction to hold the property and did not need to continue to hold it, and that the federal government and the Tampa Police Department had conspired to steal his property. He did not discuss, however, the impact of the release and auction of his vehicles on the viability of his Rule 41(g) motion.

4

affirm the district court's denial of Defendant's motion as to the jewelry and televisions. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) (collecting cases from this Circuit holding that arguments or claims not raised in an opening brief are abandoned). We now turn to Defendant's claims regarding the vehicles.

## II.    DISCUSSION

### A.    Whether the District Court Properly Denied Defendant's Rule 41(g) Motion

The district court held that Rule 41(g) does not provide relief for Defendant because the federal government was not in possession of any of the vehicles. A district court's conclusions of law in denying a motion for return of seized property are reviewed *de novo*, and factual findings are reviewed for clear error. *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005). The ultimate decision of whether to deny a Rule 41(g) motion is reviewed under the abuse of discretion standard. *United States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008).

When an individual moves for return of his property under Rule 41(g) after the close of criminal proceedings, the motion is treated as a civil action in equity. *Howell*, 425 F.3d at 974. To prevail, he must show a possessory interest in the property seized and that he has "clean hands." *Id.* The court can deny a motion if the Government claims it no longer possesses the property, provided the

5

Government provides some evidence to support that claim. *See United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001).

Defendant argues on appeal that the district court erred in denying his motion because the vehicles had not been properly released or sold. Defendant asserts that there is no evidence in the record that a court authorized the auction of the three vehicles that were sold, nor that a Florida state court had jurisdiction to order the distribution of federal evidence. Defendant also argues that the Sentra and Ninja were improperly released because he, as the vehicles' owner, never authorized anyone to take possession of them.

As far as we can determine, none of the five vehicles at issue were ordered forfeited by a state or federal court as part of Defendant's criminal conviction. For that reason, we understand Defendant's frustration at what he claims was the absence of any meaningful notice to him[6] that the Tampa Police Department was releasing these vehicles and the absence of any meaningful opportunity to contest their release or sale. Nevertheless, we cannot order the federal government to return something that it does not possess. And there seems to be no dispute that it was the Tampa Police Department, not the federal government, that exercised

---

[6] Defendant acknowledges that the Department sent out notices of the impending auction, but argues that because those notices were sent to his home address, at a time when he was in federal custody, he did not receive them.

custody over the vehicles, released the vehicles to persons it deemed authorized to possess them, and auctioned the remaining vehicles.

As the United States cannot return something it does not have, the court cannot order it to return to Defendant the vehicles listed in the motion. While this alone might not necessarily leave Defendant without a remedy, *see Potes Ramirez*, 260 F.3d at 1314–15 (noting that a district court can exercise equitable jurisdiction over a motion to return property even if the court determines that the federal government has destroyed the property), Defendant has made no argument that it was the federal government, as opposed to the Tampa Police Department, that released and/or auctioned the vehicles.

## B.    Whether an Evidentiary Hearing was Required

Defendant also argues that the district court erred by not holding an evidentiary hearing. Defendant states that an evidentiary hearing would give him an opportunity to address the allegedly conflicting evidence as to the Tampa Police Department's authority to release or auction the vehicles, the Tampa Police Department's various failures to notify Defendant and his defense counsel concerning the impending auction, and the validity of documents provided by the Tampa Police Department.

A district court's denial of an evidentiary hearing is reviewed for abuse of discretion. *See Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). In

reviewing a Rule 41(g) motion, "[t]he court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). The movant is presumed to have a right to an item's return, so the Government must demonstrate it has a legitimate reason to retain the property. *Potes Ramirez*, 260 F.3d at 1314 (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). The district court has discretion to determine whether the Government has made the necessary showing. *Id.* ("We leave it to the district court's discretion on remand to determine how the government should present evidence of the property's destruction.").

Defendant's reliance on *Potes Ramirez* in arguing for an evidentiary hearing is misplaced. In *Potes Ramirez*, the Government pointed to no evidence in the record and offered no verification of or support for its claim that the property being sought was no longer in its custody. *Id.* Here, in contrast, the Government presented evidence confirming that the items Defendant seeks were not in its possession; Defendant has not disputed that evidence.

Accordingly, the district court did not abuse its discretion by refusing to hold an evidentiary hearing in this case.

8

## III.    CONCLUSION

For the above reasons, we conclude the district court properly denied

Defendant's Rule 41(g) motion for the return of his property, and its order is

**AFFIRMED.**