[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 20-10773; 20-10783
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00043-CEM-DCI-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONOVAN G. DAVIS, JR.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(November 25, 2020)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Donovan Davis, Jr., appeals the district court's orders denying his post-judgment motions for equitable relief, for return of property under Fed. R. Crim. P. 41(g), and for reconsideration of both denials. The government, asserting that Davis's claims are barred by the equitable doctrines of "unclean hands" and laches, moves for summary affirmance. We grant the government's motion.

## I.

Our decision concerns two appeals from the district court's denials of four motions that Davis filed *pro se*. For context, we provide a brief overview of Davis's conviction and litigation history before we address the government's motion for summary affirmance.

## A.

In 2015, after a jury trial, Davis was convicted of participating in a scheme to defraud through Capital Blu Management, LLC, a company that traded in the off-exchange foreign currency, or "forex," marketplace. The criminal case followed an earlier civil case against Capital Blu brought by the U.S. Commodity Futures Trading Commission ("CFTC") in March 2009. In the civil case, the CFTC alleged that Capital Blu, through Davis and two codefendants, violated anti-fraud provisions of the Commodity Exchange Act. A jury found Davis guilty, and the court ordered restitution, a civil monetary penalty, and injunctive relief in June 2011.

After his criminal trial, upon the government's motion, the district court entered a preliminary order of forfeiture, which declared forfeited "any property, real or personal, which constitute[d] or [wa]s derived from proceeds traceable to the offenses alleged in [the counts of conviction]." After sentencing, the court entered a final order of forfeiture consistent with its preliminary order.

We affirmed Davis's convictions and total sentence in 2019. *United States v. Davis* (*Davis I*), 767 F. App'x. 714 (11th Cir. 2019). The U.S. Supreme Court denied his petition for a writ of *certiorari* in January 2020. *Davis v. United States*, 140 S. Ct. 973 (2020).

While his direct appeal was pending in this Court, Davis moved under Rule 41(g), Fed. R. Crim. P., for the return of six computer hard drives which, he contended, "contained electronic copies of the books and records of Capital Blu." Evidence produced by the government in response to Davis's motion showed that in 2009 Davis's counsel provided six computer hard drives to a court-appointed receiver in connection with the civil-enforcement action brought by the CFTC. The receiver, in turn, copied these drives onto external hard drives and provided the external hard drives to the CFTC, the IRS, and the U.S. Attorney's Office. In March 2010, the Secret Service came into possession of one of the external hard drives through an IRS agent. In September 2017, the Secret Service contacted Davis to return the external hard drive after erasing its contents.

3

The district court denied his motion, and we affirmed. *United States v. Davis* (*Davis II*), 789 F. App'x 105 (11th Cir. 2019). We concluded that the district court did not clearly err in finding that the government never possessed the six computer hard drives at issue. *Id.* at 109-11. And because we could not "order the government to return something that it does not possess," we affirmed the denial of Davis's Rule 41(g) motion. *Id.* at 111. On appeal, Davis also sought return of a laptop and DVDs, but we declined to determine whether he was entitled to their return, as he had not sought return of those items below. *Id.* at 108 n.2.

**B.**

In September 2019, Davis filed a *pro se* motion for return of property, pursuant to Rule 41(g), seeking the return of a laptop that, he contended, was not covered by the district court's forfeiture order. He attached an inventory form, which he stated he received from the Secret Service in 2017, that indicated that a laptop was taken from Capital Blu in 2008 and later placed in a vault. He also attached an affidavit from his mother, who stated that she accompanied him to purchase the laptop, which he intended to use at Capital Blu, and she later helped him move furniture, including the laptop, into his Capital Blu office.

The government opposed Davis's motion, asserting that return of the laptop was not possible because it had taken possession of the laptop in November 2008

4

and destroyed it in October 2017. Davis replied that, although the laptop had been destroyed and could not be returned, he was still entitled to equitable relief.

A magistrate judge denied Davis's motion as moot in November 2019, finding that the government's assertion that the laptop had been destroyed was credible. It granted Davis leave to file a renewed motion seeking equitable relief.

In December 2019, Davis filed the instant motion for equitable relief. He stated that the laptop "contained copies of all financial records of Capital Blu and the communications amongst its principals, managers, employees, and traders." As an equitable remedy, he requested that the government provide an individual with knowledge of the contents of his laptop to meet with him; stipulate as to the contents of the laptop; and provide a complete list of all persons who had custody of the laptop, had access to the device information, or participated in the device's destruction. Davis requested an evidentiary hearing in the event a stipulation could not be reached. He further requested a "substitute machine," a compilation of any records the government had of the electronic data, and "an equivalent algorithm to the trading application" lost in the destruction of the laptop.

On February 4, 2020, the district court denied Davis's motion for equitable relief in a paperless order, stating that it incorporated by reference the magistrate judge's earlier order denying Davis's motion for return of the laptop as well as the final order of forfeiture.

5

On February 14, Davis moved for reconsideration, arguing that the laptop and its contents were not subject to the forfeiture order. On February 18, the district court denied his motion for reconsideration without explanation.

## C.

On February 5, 2020, Davis filed a "Motion for Return of Electronically Stored Property," which appeared to seek return of electronic data that had been stored on the six hard drives at issue in *Davis II* and was later transferred to the external hard drive that was erased by the Secret Service before being returned to Davis. Davis argued that the government had admitted in other litigation that, although the hard drives themselves had been destroyed, the data taken from them still existed in some form and because his conviction became final when the Supreme Court denied *certiorari* in his direct appeal, the government had no legitimate basis to keep it.

On February 6, the district court denied his motion in a paperless order, once again incorporating by reference the magistrate judge's earlier order denying his motion for return of the laptop and the final order of forfeiture.

On February 20, Davis moved for reconsideration, arguing that the data was not subject to the forfeiture order. On February 21, the district court denied his motion for reconsideration without explanation.

**D.**

Davis appealed from the district court's February 18, 2020, order denying his motion for reconsideration and its underlying order denying his motion for equitable relief regarding the destruction of his laptop and its contents.  He filed a separate notice of appeal from the district court's February 21, 2020, order denying his motion for reconsideration and its underlying order denying his motion for return of the "electronically-stored property."  We granted the government's motion to consolidate the two appeals.

After Davis filed his initial brief, the government moved for summary affirmance.  For the reasons that follow, we grant the government's motion.

**II.**

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review do novo the district court's denial of a motion to return property and its factual findings dealing with such a denial for clear error.  *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005).  As for "the equitable equation of the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

district court's decision" to deny the motion, we review that for abuse of discretion only. *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006), *overruled on other grounds by United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). We may affirm for any reason supported by the record, even if not relied upon by the district court. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).

Under Federal Rule of Criminal Procedure 41(g), an individual whose property has been seized by the government may file a motion for return of the property. Fed. R. Crim. P. 41(g).[2] When a defendant invokes Rule 41(g) after the close of criminal proceedings, the court treats the motion as a civil action in equity. *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001). The district court may exercise equitable jurisdiction and fashion an appropriate remedy even if it finds that the property has been destroyed. *Id.* at 1314-15. For the district court to exercise equitable jurisdiction, the property owner "must show that he had a possessory interest in the property seized by the government" and that he has "clean hands" with respect to the property. *Howell*, 425 F.3d at 974. Additionally, courts should consider the applicability of other equitable defenses, such as the doctrine of laches. *Potes Ramirez*, 260 F.3d at 1315.

---

[2] Prior to 2002, this rule was codified at Fed. R. Crim. P. 41(e).

**IV.**

As an initial matter, Davis argues, and the government concedes, that neither his laptop nor the data stored on the external hard drive were subject to the district court's forfeiture order, as the government did not take the required steps to forfeit those items.  Nevertheless, we grant the government's motion for summary affirmance because the government's position that Davis is not entitled to equitable relief is clearly correct as a matter of law, and there is no substantial question as to the outcome of the appeal. *Groendyke Transp., Inc.*, 406 F.2d at 1162; *see Chitwood*, 676 F.3d at 975.

As Davis acknowledges, both his motions were actions in equity: his December 2019 motion because he sought an equitable remedy for the destruction of his laptop, and his February 2020 motion because he filed a Rule 41(g) motion after his criminal proceedings had ended. *See Potes Ramirez*, 260 F.3d at 1313-14. First, Davis's claim for equitable relief for the destruction of his laptop is barred by his "unclean hands" because the laptop was linked to his fraudulent scheme, as he admitted in his motion that it contained Capital Blu's records and communications. *See Howell*, 425 F.3d at 974.  Moreover, the government's contention that the doctrine of laches bars Davis's claim is correct because Davis did not seek the return of his laptop until eleven years after he provided it to the Secret Service.  *See Potes Ramirez*, 260 F.3d at 1315.  Davis's assertion that he did not know that the

9

government had the laptop until 2018 is without merit because he admitted that he turned the laptop over to the Secret Service in 2008 and knew that the laptop was not encompassed in the district court's 2015 forfeiture order, yet he did not seek its return until 2019.

Next, Davis's "unclean hands" also bar equitable relief regarding his February 2020 motion for the return of the data that was erased from the external hard drive. The data he sought was compiled from the six computer hard drives taken from Capital Blu's offices and provided to the receiver by Davis's counsel. *See Davis II*, 789 F. App'x at 109. As Davis explained in his prior Rule 41(g) motion seeking return of the hard drives themselves, the data "contained electronic copies of the books and records of Capital Blu." As it is linked to his fraudulent conduct, Davis is not entitled to return of this data. *See Howell*, 425 F.3d at 974.

Finally, because Davis did not present new evidence, the district court did not abuse its discretion by denying Davis's motions for reconsideration. See *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (stating that, in the civil context, the only grounds for granting a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment are newly discovered evidence or manifest errors of law or fact).

Therefore, because the government's position is clearly correct as a matter of law and there is no substantial question as to the outcome of the case, we GRANT

the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**