[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14585
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00089-MMH-PDB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JON CHRISTOPHER STOUNE,
a.k.a. Mycroft James Holmes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 15, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Jon Christopher Stoune, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for return of property. Stoune argues that the district court abused its discretion by denying his motion without addressing his contention that the property at issue had been seized in violation of his constitutional rights. After careful review, we affirm.

**I.**

In 2016, a jury convicted Stoune of attempting to entice a minor to engage in sexual activity, advertising to receive and produce child pornography, and attempted production of child pornography. He was sentenced to 210 months' imprisonment. At sentencing, the district court entered a forfeiture order encompassing a camera and an iPhone that had been seized from Stoune on the day of his arrest. He did not object to the forfeiture order. We affirmed his convictions and sentences. *See United States v. Stoune*, 694 F. App'x 688 (11th Cir. 2017).

In May 2017, Stoune filed a *pro se* "Motion to compel government for return of confiscated property," seeking return of property that he contended had been confiscated by the government during the investigation of his case. In response, the government stated that it possessed various personal items belonging to Stoune and that the remaining property in the case had been purged and destroyed by the St. Johns County Sheriff's Office ("SJCSO").

2

The government subsequently filed a status report stating that Stoune's representative met with an FBI agent in December 2017 and took possession of the property listed in its original response.  Following this report, the district court denied Stoune's motion for return of property as moot.

In January 2018, Stoune filed a *pro se* "Motion to compel[] the production and return of property or [proof] of destruction by the St. Johns County Sheriff's Department."  He asked the court to compel the SJCSO to return or provide proof of destruction of his car, the contents of his car, and other property that was removed from his home.

In response, the government submitted records from the SJCSO showing that it had purged, destroyed, or forfeited the listed property, including Stoune's Volkswagen Passat.  The records showed that, of thirty-seven items of evidence recovered by the SJCSO, sixteen were released to the FBI, twenty were destroyed, and the Volkswagen was forfeited.[1]  The sixteen items released to the FBI included the camera, the iPhone, and other items seized from Stoune's person upon his arrest, as well as items seized from the Volkswagen following the execution of a search warrant.

---

[1] Records showed that Stoune's then-wife received notice of the SJCSO's forfeiture of the car and did not contest it.

3

A magistrate judge issued a report and recommendation ("R&R") and construed the motion as a motion for return of property under Fed. R. Crim. P. 41(g), which is treated as a civil action in equity after the criminal proceedings have ended. The magistrate judge grouped the property Stoune sought into five categories: (1) evidence admitted at trial; (2) the Volkswagen; (3) the items that the SJCSO transferred to the FBI that were not used as evidence at trial; (4) firearms; and (5) everything else. The magistrate judge found that Stoune was not entitled to return of items from the first category because he had unclean hands and the government would need to retain the items in the event that Stoune's then-pending 28 U.S.C. § 2255 motion to vacate resulted in a new trial.[2] The magistrate judge then found that equitable relief against the government for the loss of the Volkswagen was not warranted because the government never possessed it. Next, the magistrate judge found that there was no issue with the third or fourth categories because the non-evidence items were released to Stoune, and no firearms had been seized by law enforcement. Last, the magistrate judge found that equitable relief against the government for the destruction of the remaining property was not warranted because the government never possessed it.

The district court adopted the R&R over Stoune's objections, denied Stoune's motion for return of property, and dismissed the civil action in equity with prejudice

---

[2] Stoune's motion to vacate remains pending in the district court.

4

as to any property ever possessed by the FBI and without prejudice as to any property never possessed by the FBI. Stoune appealed, and we granted the government's motion for summary affirmance. *See United States v. Stoune*, No. 19-10538 (11th Cir. Aug. 6, 2019).

While that appeal was pending, Stoune filed the instant motion for return of property under Rule 41(g), Fed. R. Crim. P., seeking return of "all illegally seized and otherwise held property currently in the possession of the federal government." In his motion, he requested that the court direct the government to return a key ring and key fob for the Volkswagen, a camera, an iPhone 6 Plus, and a list of other seized items that can all be categorized as camera equipment (a tripod, memory cards, etc.), or sexual paraphernalia (sex toys, lubricants, condoms, etc.).

The government responded that the court had ruled in its prior order that (1) no equitable relief was due for the forfeiture of the Volkswagen, (2) Stoune had forfeited the camera and iPhone without objection, and (3) Stoune was not entitled to return of any items in the magistrate judge's first category, evidence admitted at trial. It argued that, aside from the key fob, all the items that Stoune listed in his new motion had been admitted as evidence at trial. In reply, Stoune argued that this motion sought return of different property than his motion that was previously denied and that he was entitled to its return because the property had been seized illegally.

5

The district court denied Stoune's motion, noting that it had previously considered and denied the same relief and that we had affirmed its decision. Stoune now appeals.

## II.

We review de novo the district court's denial of a motion to return property and review for clear error its factual findings dealing with such a denial. *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005). We review "the equitable equation of the district court's decision" to deny the motion for abuse of discretion only. *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006), *overruled on other grounds by United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

Under Federal Rule of Criminal Procedure 41(g), an individual whose property has been seized by the government may file a motion for return of the property. Fed. R. Crim. P. 41(g).[3] When a defendant invokes Rule 41(g) after the close of criminal proceedings, the court treats the motion as a civil action in equity. *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001). For the district court to exercise equitable jurisdiction, the property owner "must show that he had a possessory interest in the property seized by the government" and that he has "clean hands" with respect to the property. *Howell*, 425 F.3d at 974.

---

[3] Prior to 2002, this rule was codified at Fed. R. Crim. P. 41(e).

## III.

Stoune contends that the district court abused its discretion by deciding his motion without addressing his claim that the property in question was seized in violation of the Fourth Amendment. But the district court did not abuse its discretion by declining to consider this claim, as Stoune did not make the threshold showing for it to exercise its equitable jurisdiction. *See Howell*, 425 F.3d at 974.

First, as to the key fob,[4] camera, and iPhone, Stoune did not show that he had a possessory interest in those items because they had already been forfeited, either through state or federal process. *See id.* As it had specifically addressed these items in its order denying Stoune's prior motion, and we affirmed that order on appeal, the district court did not abuse its discretion by refusing to allow Stoune to relitigate the same claims. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." (quotation marks omitted)).

As for the remaining items, whether he specifically sought their return in his prior motion or not, Stoune is barred from relief by the doctrine of unclean hands. *See Howell*, 425 F.3d at 974. The items he wishes to have returned to him were

---

[4] Stoune argues that his prior motion sought only return of the car, not the car's key fob. However, he does not provide any reason to believe that the key fob was not forfeited along with the car—as would be the most logical thing to do with a car key fob.

7

seized either from his person or his car upon his arrest and were admitted as evidence to prove the various child pornography offenses levied against him. As these items are linked to his criminal conduct, Stoune is not entitled to their return. *See id.* Moreover, because Stoune's 28 U.S.C. § 2255 motion to vacate remains pending, we cannot say that the government will not need these items if there is a new trial. *See Potes Ramirez,* 260 F.3d at 1314.

## IV.

For the reasons stated above, we conclude that the district court did not abuse its discretion by declining to exercise its equitable jurisdiction and, accordingly, properly denied Stoune's Rule 41(g) motion for return of property.

**AFFIRMED.**

8