[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13726
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00391-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PARVATHI SIVANADIYAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 23, 2021)

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Parvathi Sivanadiyan, proceeding *pro se*, appeals the district court's denial of nine motions that she and her husband, Annamalai Annamalai, filed after the close of her criminal case. Because Sivanadiyan is not entitled to relief, we affirm the district court's order.

## I.    Background

In October 2014, Sivanadiyan pleaded guilty to failing to obey an IRS summons, in violation of 26 U.S.C. § 7210 and 18 U.S.C. § 2. In exchange for her guilty plea, the government agreed to dismiss the charges pending against her in another criminal case where she was one of three defendants charged with various offenses in an alleged fraud scheme.[1]

In that other criminal case, the district court ordered Annamalai to forfeit various money and property including his interest in a piece of real property in Texas (the "Texas property"). The government later moved to amend the court's forfeiture order and remove the Texas property because it acknowledged that a private lender, Moon Credit Corporation, had a valid deed of trust on the Texas property. The district court granted the motion, acknowledging Moon Credit's superior interest in the property.

---

[1] The alleged scheme was designed, among other things, to defraud religious followers through the Hindu Temple and Community Center of Georgia, Inc. Sivanadiyan was charged with obstruction of justice, conspiracy to conceal a person from arrest, and making a false statement to a law enforcement officer. Annamalai was charged with and convicted of 34 counts related to the fraud scheme.

Given the plea agreement in the IRS summons case, the district court dismissed the fraud charges against Sivanadiyan.  For her IRS summons violation, the court sentenced her to time served, one year of supervised release, and ordered her to pay a $5,000 fine.

Beginning in January 2018, Sivanadiyan and Annamalai, proceeding *pro se*, began filing motions—nine in total—in her closed IRS criminal case, including: a motion for return of property under Federal Rule of Criminal Procedure 41(g), a motion seeking compensatory damages under 42 U.S.C. § 2000aa-6, and a motion seeking an order to show cause why certain individuals should not be referred to government authorities for criminal investigation. [2]  In those motions, Sivanadiyan acknowledged that Moon Credit had foreclosed upon the Texas property, but she sought the return of millions of dollars' worth of personal property that she alleged Moon Credit wrongfully took when it foreclosed.  In support of her motion, she alleged that the government "orchestrated" a scheme for Moon Credit to foreclose

---

[2] Sivanadiyan and Annamalai jointly filed seven *pro se* motions: (1) a motion for return of properties under Fed. R. Crim. P. 41(g) with a "request" to show cause why certain individuals should not be referred to the FBI or U.S. Attorney for investigation; (2) another motion for return of properties under Fed. R. Crim. P 41(g); (3) a motion for summary judgment; (4) a motion for judgment on the pleadings; (5) a motion to order the government to answer/respond to all pending motions; (6) a motion for compensatory damages pursuant to 42 U.S.C. §2000aa-6; and (7) another motion for summary judgment.  Annamalai alone filed two other *pro se* motions: (1) a motion requesting copies of certain documents; and (2) a motion for status conference.

on the Texas property and seize all of the belongings in it. The district court denied all the motions. Sivanadiyan and Annamalai appeal.[3]

Sivanadiyan argues[4] the district court erred in denying: (1) her Rule 41(g) motions related to the return of her seized property;[5] (2) her motion for compensatory damages under 42 U.S.C. § 2000aa-6; and (3) her motion seeking an order to show cause why certain individuals should not be referred to government authorities for criminal investigation.

## II.    Discussion

A. The Rule 41(g) motion for return of property

Under Federal Rule of Criminal Procedure 41(g), a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[6] When a property owner "invokes Rule 41(g)

---

[3] This Court issued a jurisdictional question regarding Annamalai's standing to appeal and denied his motion to proceed in *forma pauperis* because his appeal was frivolous. Later, Annamalai requested to dismiss his appeal voluntarily, and we granted his motion. We ordered the jurisdictional issue to be carried with the case. Given Annamalai's voluntary dismissal, the jurisdictional issue is now moot. *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009).

[4] On appeal, Sivanadiyan does not challenge the district court's denial of: (1) the joint motion to order the government to respond to pending motions; (2) Annamalai's motion for a status conference; or (3) Annamalai's motion for copies of certain documents. We do not address these issues because a party abandons a claim or issue that she fails to raise in her opening brief. *United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015) (*en banc*).

[5] Sivanadiyan's two motions for return of seized property under Fed. R. Crim. P. 41(g), two motions for summary judgment under Fed. R. Civ. P. 56, and one motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) all relate to her allegation that the government conspired with Moon Credit to seize her personal belongings from the Texas property.

[6] In full, Rule 41(g) provides:

4

after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Equitable jurisdiction "must be exercised with caution and restraint" and is appropriate only when necessary to "prevent manifest injustice" in light of the movant's conduct and the merits of her request. *United States v. Martinez*, 241 F.3d 1329, 1331 n.2 (11th Cir. 2001) (quotation marks and citation omitted).

Rule 41(g) decisions are based on balancing the equities, and we review them for an abuse of discretion. *United States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008). Further, in considering a Rule 41(g) motion, we review legal questions *de novo*. *Howell*, 425 F.3d at 973. We may affirm on any ground supported by the record. *Hardison v. Cohen*, 375 F.3d 1262, 1269 (11th Cir. 2004).

The district court properly denied Sivanadiyan's motion under Rule 41(g) for the return of her personal property. Rule 41 addresses searches and seizures by

---

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

5

law enforcement, and subsection (g) provides for the return of property that "was seized" by and is in the possession of the government. *See Howell*, 425 F.3d at 974 ("In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property *seized by the government*." (emphasis added)). By her own admission, a private party, not the government, took possession of the property Sivanadiyan claims she is entitled to have returned.[7] We cannot construe Rule 41(g) to apply to property that was seized by, and is allegedly in the possession of, a private party. Accordingly, we affirm the district court's determination that Sivanadiyan failed to show she is entitled to any relief under Rule 41(g).[8]

B. Motion for damages

For the same reason, the district court did not err in denying Sivanadiyan's motion for damages under 42 U.S.C. § 2000aa. Section 2000aa provides:

> [I]t shall be unlawful for a *government officer or employee*, in connection with the investigation or prosecution of a criminal offense,

---

[7] Sivanadiyan alleged that the government "orchestrated" a scheme for Moon Credit to foreclose on the Texas property and seize all of the belongings in it. Despite her unsupported, conclusory allegations, the fact remains that she acknowledges that the property was foreclosed upon by a private entity. She further alleges that some of the seized property is in the "control" of Moon Credit and stored in a Texas storage unit (not in government possession).

[8] Since we agree that Sivanadiyan failed to show she is entitled to relief under Rule 41(g), it is unnecessary for us to consider the district court's alternative reason for denying her Rule 41(g) motion—that Sivanadiyan had unclean hands. *Howell*, 425 F.3d 971, 974 ("[I]n order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands."). Because we determine that Sivanadiyan is not eligible for the return of her property under Rule 41(g), we need not address Sivanadiyan's arguments that she was entitled to summary judgment or judgment on the pleadings based on the same underlying allegation.

to search for or seize any work product materials possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication, in or affecting interstate or foreign commerce[.]

42 U.S.C. § 2000aa(a) (emphasis added). Without addressing the merits of whether a civil motion for damages under § 2000aa-6 can be filed in a closed criminal case converted to a civil equitable action under Rule 41(g), we find Sivanadiyan's motion for damages meritless. Section 2000aa-6 provides a damages remedy against a government actor that unlawfully searches or seizes such materials. 42 U.S.C. § 2000aa-6. Because 42 U.S.C. § 2000aa-6 does not provide relief when a private party, rather than a government officer or employee, does the "seizing," we affirm the district court's denial of Sivanadiyan's motion for compensatory damages.

C. Motion for show cause order

Finally, the district court properly denied Sivanadiyan's motion for an order to show cause as to why certain individuals should not be referred to the federal government for criminal investigation. Sivanadiyan does not have standing to challenge the government's prosecutorial decisions. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Smith v. Meese*, 821 F.2d 1484, 1491 (11th Cir. 1987) ("The prosecutorial function, and the discretion that accompanies it, is . . . committed by the Constitution to the

7

executive, and the judicial branch's deference to the executive on prosecutorial decisionmaking is grounded in the constitutional separation of powers."). Accordingly, we affirm the district court's denial of Sivanadiyan's motion for an order to show cause.

**AFFIRMED.**