[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12165
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cr-00043-CEM-DCI-2

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DONOVAN G. DAVIS, JR.,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 18, 2019)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Donovan Davis, Jr. ("Davis"), proceeding *pro se* on appeal, appeals the district court's denial of his post-conviction motions for return of property under Rule 41(g), Fed. R. Crim. P., and for recusal of the magistrate judge. After careful review, we affirm the denial of both motions.

## I.

After a jury trial, Davis was convicted in September 2015 of participating in a scheme to defraud through Capital Blu Management, LLC ("Capital Blu"), a company that traded in the off-exchange foreign currency, or "forex," marketplace. The criminal case followed an earlier civil case against Capital Blu brought by the United States Commodity Futures Trading Commission ("CFTC") in March 2009. In the civil case, the CFTC alleged that Capital Blu, through Davis and two codefendants, violated anti-fraud provisions of the Community Exchange Act. A jury found Davis guilty, and the court ordered restitution, a civil monetary penalty, and injunctive relief in June 2011.

In October 2017, Davis filed a motion seeking the return of property under Rule 41(g) of the Federal Rules of Criminal Procedure. According to the motion, the government notified him in September 2017 that it was in possession of items that he had produced in response to a grand jury subpoena in 2009. Davis retrieved the items, but the government returned only one of the six hard drives he had turned over and failed to return other computer-storage devices.

2

In response, the government stated that the motion should be denied because Davis failed to establish that he had a possessory interest in items that were seized from Capital Blu. The magistrate judge agreed and denied the motion without prejudice to refiling.

Davis filed a renewed motion more directly asserting a possessory interest in the hard drives. He explained that in June 2009, his personal attorney turned over six hard drives containing Capital Blu records to Lewis Freeman, the court-appointed receiver for Capital Blu in the CFTC case. Though the hard drives "had previously been the property of Capital Blu," Davis stated, ownership of Capital Blu's assets passed to its remaining equity members, including Davis, upon its dissolution in September 2009. Davis requested return of the remaining five hard drives. Attached to Davis's motion was a letter he received from the U.S. Secret Service in September 2017 advising that he could arrange for the return of "an external hard drive with power and USB cords" that the Secret Service obtained on March 1, 2010, "pursuant to a Grand Jury subpoena issued in 2009."

In response, the government provided more detail and 86 pages of supporting evidentiary materials. It explained that Davis originally produced six computer hard drives to Freeman. Then, according to an affidavit from one of the receiver's forensic accounts, filed in the CFTC case, "all relevant items that had been gathered, were scanned and put onto external hard drives. . . . Identical copies of those hard

3

drives were produced by me to both the CFTC in September 2009 and the U.S. Attorney[']s Office in August 2009." Freeman eventually resigned and was charged with conspiracy to commit mail fraud. After a new receiver was appointed, she wrote to Davis's lawyer in February 2010, stating that she had "enclosed copies of all of the items that were turned over to me by the previous Receiver" with the exception of the six computer hard drives and an external hard drive that contained images of those drives.

In July 2012, after the CFTC case had concluded, the CTFC provided to the Internal Revenue Service ("IRS") two compact discs containing copies of CTFC's trial exhibits and of the productions made to defense counsel during discovery. A few months later, the CFTC provided an Assistant United States Attorney with "five DVDs containing a complete set of the records located in the CFTC's Concordance database for the Capital Blu matter."

In September 2017, the Secret Service wrote to inform Davis that it was in possession of an external hard drive. A declaration by Brooke Tyus, the agent who drafted the September 2017 letter, explains the background. According to Tyus, in early March 2010, he received one external hard drive from the receiver in response to a grand jury subpoena issued in 2009. That external hard drive was given to the Secret Service's "Orlando Field Office where it was entered into evidence." It was then returned to Davis "after having been wiped." But, Tyus attested, the Secret

4

Service received only one external hard drive and was not in possession of any computer hard drive pertaining to Davis or Capital Blue.

A magistrate judge recommended that Davis's Rule 41(g) motion be denied. Based on Davis's allegations and the evidence presented by the government, the magistrate judge found that Davis's attorney provided the hard drives to a court-appointed receiver, who later provided copies of those drives to the government. While it was unclear what ultimately became of the hard drives, the magistrate judge concluded that the government had adequately shown that the drives "are not in the possession of the government." For that reason, no relief was available under Rule 41(g). Further, according to the magistrate judge, to the extent Davis requested a copy of the information on the hard drives, that was effectively a discovery motion for which no factual or legal showing had been made.

Davis filed objections and moved for reconsideration of the magistrate judge's recommendation. In these filings, Davis maintained that the receiver turned over all original materials, including the hard drives, to the prosecutor or the CTFC. Davis wrote that he had originally turned over six hard drives in response to a subpoena sent to the court-appointed receiver by the U.S. Attorney's Office on June 8, 2009. Davis claims that the receiver then turned over the hard drives to the U.S. Attorney's Office, citing a November 17, 2010, decision in the CFTC case which noted that a codefendant had testified that computers from Capital Blu's "Melbourne office . . .

5

were turned over to the United States Attorney's Office."  *U.S. Commodity Futures Trading Comm'n v. Capital Blu Mgmt., LLC (*"CFTC Case"*)*, 2010 WL 11508136, *2 (M.D. Fla. Nov. 17, 2010).  But that same decision notes that the computer hard drives Davis turned over came from Capital Blu's *Naples* office.  *Id.* ("[C]ounsel for D. Davis did, in fact, produce six hard drives from the Naples computers to the Receiver.").  Davis also asserted that the CFTC took possession of the hard drives upon dissolution of the receivership, citing an August 30, 2010, decision that ordered the receiver to "deliver to [CFTC's] attorney any original Receivership documents she has in her possession," CFTC Case, 2010 WL 11508135, *1 (M.D. Fla. Aug. 30, 2010).  Finally, Davis contended that the receiver, as an "officer of the court," was part of the government.

Meanwhile, Davis moved for recusal of the magistrate judge on the ground that the judge previously had worked for the U.S. Attorney's Office for the Middle District of Florida which, according to the government's response, had recused itself from Davis's criminal prosecution.

The magistrate judge denied the recusal motion, finding no basis to believe that his impartiality might reasonably be questioned.  The magistrate judge explained that he had no recollection of Davis's case or of the basis for the recusal decision, and the mere fact that he previously worked for an office that had recused from the

case was not enough to warrant recusal. After seeking reconsideration from the magistrate judge, Davis filed objections requesting district-court review.

On May 15, 2018, the district court adopted the magistrate judge's recommendation and denied Davis's Rule 41(g) motion without addressing the recusal motion. The court agreed that the record showed that the property at issue never came into possession of the government.

Davis now appeals, challenging the denial of his Rule 41(g) motion and the implicit denial of his recusal motion. He contends that the district court erred in resolving factual disputes without an evidentiary hearing and that there is record evidence that the hard drives were possessed by some component of the government, whether it was the U.S. Attorney's Office, the CFTC, or the receiver. He further asserts that, if the property was lost or destroyed, the government should be required to pay money damages or replace the property.

## II.

In reviewing the denial of a Rule 41(g) motion, we review legal conclusions *de novo* and factual findings for clear error. *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005).

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "The motion must be filed in the district where the

7

property was seized." *Id.* When a Rule 41(g) motion is filed, "[t]he court must receive evidence on any factual issue necessary to decide the motion." *Id.*

The government is not obligated to return property that it never possessed or no longer possesses, but it must provide some evidentiary support for its claim that it does not possess the property at issue. *See United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (holding that the district court erred when it relied on the government's representation that the property sought by the defendant had been destroyed because the government did not submit any evidence of the property's destruction). Nevertheless, equitable relief may be available if the property at issue has been lost or destroyed. *Id.* at 1315. Money damages, however, are not available under Rule 41(g). *Id.* at 1315–16 (holding that sovereign immunity protects the government from money damages under Rule 41(g)).

Here, the district court did not err in denying Davis's motion under Rule 41(g). The record evidence amply supports the court's finding that the property at issue never came into possession of the CFTC, the U.S. Attorney's Office, the IRS, or the Secret Service. The evidence shows that Davis's counsel produced six computer hard drives to the court-appointed receiver in the CFTC Case in June 2009. The receiver scanned the drives and provided copies to the CFTC, the IRS, and the U.S. Attorney's Office. As of February 2010, the receiver remained in possession of the original hard drives and an external hard drive. The Secret Service obtained an

8

external hard drive from the receiver in early March 2010, but it did not take possession of the original hard drives. And there is no other evidence indicating that a government agency received anything other than copies of the data on the original hard drives. Although the evidence fails to show what became of the original hard drives, the court did not clearly err in finding that the "government"—that is, the investigating and prosecuting government agencies—never possessed the property at issue.

Davis's arguments in response are unconvincing. First, Davis contends that the court-appointed receiver is "essentially the United States" for purposes of his motion because a receiver is an officer of the court, which in turn is part of the government. But this interpretation would expand Rule 41(g) well beyond its terms. Rule 41 is a rule of criminal procedure that addresses searches and seizures by law enforcement, and subsection (g) provides for the return of property that "was seized." Fed R. Crim. P. 41(g). We cannot reasonably construe Rule 41(g) to apply to property that is not in possession of the executive branch of the government, which the Constitution vests with the powers of prosecution. *See Smith v. Meese*, 821 F.2d 1484, 1491 (11th Cir. 1987) ("The prosecutorial function, and the discretion that accompanies it, is thus committed by the Constitution to the executive . . . .").

Here, the receiver was not an agent of the executive-branch agencies involved in the CFTC Case or the criminal prosecution. *See United States v. Koh*, 199 F.3d

9

632, 640 (2d Cir. 1999) ("as an officer of the court, the receiver was not an agent of the U.S. Attorney's Office").  And Davis cites no authority for the proposition that the executive branch exercised any authority or control over the receiver, such that it would ultimately be responsible for property held by a court-appointed receiver.[1]  Accordingly, Davis is not entitled to relief under Rule 41(g) based on the receiver's possession of the property.

Second, Davis maintains that the government's possession of the property is shown by the fact that it possessed and returned an external hard drive that belonged to him.  However, although Davis often characterizes the external hard drive as one of the six hard drives he originally turned over to the receiver, the evidence shows otherwise.  According to the government's evidence and materials from the CFTC Case, including orders Davis cited, Davis produced six *computer* hard drives to the receiver.  And it is those drives that are at issue here.  What was returned to him was something different—an *external* hard drive that connects to a computer through a USB cable.  There is no dispute that the Secret Service took possession of this external hard drive in March 2010, but the agent who obtained the drive attested that the Secret Service did not take possession of the computer hard drives.

---

[1] Davis asserts that the receiver reported to the Attorney General, but the statute he cites, 7 U.S.C. § 13a-1, does not support that claim.

For that reason, Davis's motion to take judicial notice of factual findings in a separate case is misguided, in addition to being improper. Davis requests that we take judicial notice of a decision by the U.S. District Court for the District of Columbia in a separate civil case Davis filed against the Federal Bureau of Investigation and others. The motion is due to be denied because we may not take judicial notice of the factual findings of another court. *Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1225 (11th Cir. 2017). In any event, contrary to Davis's belief, the findings of the D.C. Court are consistent with the court's findings here. The D.C. Court referenced a hard drive belonging to Davis that the Secret Service wiped, which is the same external hard drive that was returned to him. So that reference does not contradict the government's evidence that the six computer hard drives never came into possession of the Secret Service or another government agency.

Third, Davis points to other evidence that, in his view, establishes the government's possession of the property at issue. But none of the evidence he cites contradicts the district court's findings. As we have explained, the receiver's possession of the property is not enough, and the government's possession of an external hard drive does not equate with possession of the property. Nor does the CFTC decision he cites support his position. While the November 17, 2010, order reflects that computers from Capital Blu's *Melbourne* office were turned over to the

11

U.S. Attorney's Office, it also notes that the property at issue here came from the Naples office and was produced "to the Receiver."   CFTC Case, 2010 WL 11508136, *2.  Other evidence indicates that the receiver then provided copies of the drives, but not the originals, to the U.S. Attorney's Office, among other agencies.

Finally, Davis suggests that the district court abused its discretion by failing to hold an evidentiary hearing.  *See Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002) ("[A] district court's denial of an evidentiary hearing is reviewed for abuse of discretion.").  We disagree.  Rule 41(g) requires the court to "receive evidence on any factual issue necessary to decide the motion."  Fed. R. Crim. P. 41(g).  The movant is presumed to have a right to an item's return, so the government must demonstrate it has a legitimate reason to retain the property.  *See Potes Ramirez*, 260 F.3d at 1314.  The district court has discretion to determine whether the government has made the necessary showing.  *Id.* ("We leave it to the district court's discretion on remand to determine how the government should present evidence of the property's destruction.").

Here, the government presented substantial evidence regarding whether it ever possessed the property at issue, which was a factual issue necessary to decide the motion.  Davis disagrees with the district court's interpretation of that evidence, but he does not dispute the evidence itself.  Nor does he identify with any specificity what additional evidence could be presented at an evidentiary hearing.  Instead, he

broadly asserts that government personnel should be submitted for examination, and he claims that the government is withholding relevant information regarding the disposition of his property. But evidentiary hearings generally are not required based on mere speculation that they could produce helpful information. *See United States v. Arias-Izquierdo*, 449 F.3d 1168, 1189 (11th Cir. 2006); *United States v. Champion*, 813 F.2d 1154, 1171 n.25 (11th Cir. 1987). Because Davis offers little more than speculation that an evidentiary hearing could provide helpful information, the court did not abuse its discretion by refusing to hold an evidentiary hearing.

For the foregoing reasons, the district court did not clearly err in finding that the government agencies involved in the CFTC Case and his criminal prosecution never possessed the property at issue.[2] We cannot order the government to return something that it does not possess, and there is no evidence that the government lost or destroyed the property, so we affirm the denial of Davis's Rule 41(g) motion without considering the issue of remedies.

## III.

Finally, we address Davis's argument that the magistrate judge should have recused because he was employed by the U.S. Attorney's Office for the Middle

---

[2] In his briefing on appeal, Davis also demands the return of other property, including a laptop and DVDs. But this other property is not properly before us because his renewed Rule 41(g) motion sought return of the six hard drives only. And he has since filed a new Rule 41(g) motion for return of the laptop.

13

District of Florida at the time that office recused itself from Davis's criminal case. We review a judge's decision not to recuse for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The purpose of this provision is to promote confidence in the judiciary by avoiding even the appearance of impropriety. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). To that end, "the standard of review for a § 455(a) motion is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal." *Id.* (citations and quotation marks omitted).

Here, Davis has presented no grounds that, viewed objectively, would cause a neutral lay observer to entertain a significant doubt about the magistrate judge's impartiality. Although the magistrate judge previously worked for a prosecutor's office that recused itself from Davis's criminal prosecution, we do not know the basis for the recusal decision, and neither, it appears, does the magistrate judge. The magistrate judge explained that he had no recollection of any personal involvement in Davis's case or knowledge of the basis for the recusal decision. Davis offers no argument or evidence tending to show these statements are inaccurate or the district-

14

wide recusal decision was in any way related to the magistrate judge or would affect his impartiality in this case.   Standing alone, these facts are insufficient to demonstrate that the magistrate judge abused his discretion by declining to recuse. *See Berger*, 375 F.3d at 1227.  We therefore affirm the denial of the recusal motion.

## IV.

In sum, the district court's order denying Davis's motions for the return of property under Rule 41(g) and for recusal of the magistrate judge is **AFFIRMED**. Davis's "Motion to Supplement the Record Through Judicial notice" is **DENIED** for the reasons discussed above.