FAY, Circuit Judge:
 

 The original opinion in this case is published at 968 F.2d 1131 (11th Cir.1992). However, upon further review of this matter, the court is concerned about the question of subject matter jurisdiction. We are aware that the United States magistrate judge denied Lee County’s motion to dismiss for lack of ripeness, and the parties did not raise the issue on appeal. However, ripeness is a question of subject matter jurisdiction.
 
 Greenbriar, Ltd. v. City of Alabaster,
 
 881 F.2d 1570, 1573 n. 7 (11th Cir.1989). We always must investigate questions of subject matter jurisdiction, whether or not they are raised by the parties to the case.
 
 Fitzgerald v. Seaboard System R.R.,
 
 760 F.2d 1249, 1251 (11th Cir.1985).
 

 Therefore, we supplement our original opinion to instruct the magistrate judge to revisit the question of ripeness on remand and determine whether the district court has jurisdiction over this matter. We recognize that in this case, the question of subject matter jurisdiction is quite fact specific. There is some question regarding the Reahards’ efforts to secure appropriate administrative remedies. This was touched upon but not developed. Moreover, there is nothing in the record regarding the judicial remedies available in Florida state courts, or the Reahards’ pursuit of those remedies. Assuming that these claims could be satisfied through adequate state judicial procedures, the Reahards have not stated a ripe federal claim under
 
 Williamson County Regional Planning Commission v. Hamilton Bank,
 
 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), and there is no subject matter jurisdiction.
 

 We instruct the magistrate judge, on remand, to develop these factual issues fully, make relevant factual findings, and deter
 
 *1214
 
 mine whether the district court has jurisdiction over this matter.