[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10563
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20904-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL A. RODRIGUEZ,

Defendant-Appellant.

_____

No. 20-11153
Non-Argument Calendar

_____

D.C. Docket No.  1:17-cr-20904-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL A. RODRIGUEZ,

Defendant-Appellant.

_____

No. 20-11235
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20904-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL A. RODRIGUEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 23, 2021)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Daniel Rodriguez, a federal prisoner proceeding *pro se*, appeals following the

district court's disposal of three post-judgment motions. In appeal number 20-

2

11153, Rodriguez seeks review of the district court's denial of his motion for return of property under Federal Rule of Criminal Procedure 41(g). Rodriguez argues that the government's forfeiture warrants were invalid to obtain the $4,600 that he sought to be returned, that the funds were from a legitimate source, and that they must be refunded to him.

In appeal number 20-10563, Rodriguez seeks review of the district court's dismissal of his Federal Rule of Criminal Procedure 17(c) post-judgment motion to subpoena a recorded Bureau of Prisons ("BOP") phone call between Earnest Ray Simmons, a potential sentencing witness for Rodriguez, and his attorney, Philip R. Horowitz. Rodriguez argues that the prosecutor accosted his potential sentencing witnesses with bribes or threats to discourage their cooperation. Specifically, Rodriguez asserts that he listened to a phone call between Simmons and Horowitz in which Simmons was directly asked to lie and state that he was being offered money in exchange for his testimony for the purpose of helping his own criminal case. Rodriguez asserts that the district court erred by failing to order a subpoena to preserve the phone call between Simmons and Horowitz and that the government's prosecutorial misconduct resulted in a violation of his right to present witnesses at a critical stage in his criminal proceedings.

Lastly, in appeal number 20-11235, Rodriguez seeks review of the district court's dismissal of his Federal Rule of Criminal Procedure 33 "motion to vacate"

3

based on newly discovered evidence. Rodriguez argues that the district court erred by dismissing his motion to vacate because he (1) entered a conditional guilty plea, (2) presented sufficient evidence to establish that the magistrate judge who signed his arrest warrant should have been recused from his case based on a prior recusal order, and (3) did not know of the magistrate judge's participation until after he was sentenced.

We address each of these arguments in turn, and, for the reasons stated below, we affirm.

## I.    Rule 41(g) Motion

Under 18 U.S.C. § 982(a)(1), the district court may impose an order of forfeiture on an individual convicted of violating 18 U.S.C. § 1956 or 18 U.S.C. § 1957. A preliminary order of forfeiture is final and immediately appealable because it finally determines the defendant's right to forfeited property. *United States v. Amodeo*, 916 F.3d 967, 970 (11th Cir. 2019). A criminal defendant does not have standing to appeal from the final order of forfeiture because the defendant's rights in the forfeited property are final as of the preliminary order. *See id.*; Fed. R. Crim. P. 32.2(b). Such order of forfeiture shall include any property "involved in such offense, or any property traceable to such property." § 982(a)(1). Property under § 982(a)(1) includes "the money . . . being laundered . . . , any commissions or fees paid to the launderer, and any property used to facilitate the laundering

offense." *See United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (quoting *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998)). Property helps facilitate an offense if it makes the illegal conduct "less difficult or more or less free from obstruction or hindrance." *Id.* (quoting *Bornfield*, 145 F.3d at 1135). The commingling of funds that are tainted with those that are untainted into a single account is insufficient to render the entire contents of an account forfeitable. *Id.* However, forfeiture of the commingled funds is proper if the government has demonstrated that "the defendant pooled the funds to facilitate or 'disguise' the illegal scheme." *Id.*

Under Rule 41(g), a person aggrieved by an unlawful seizure or deprivation of property can move for the return of property that was unlawfully seized. We review a district court's denial of a Rule 41(g) motion for return of seized property for an abuse of discretion. *United States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008). Additionally, in considering the denial a Rule 41(g) motion, we review questions of law *de novo* and the district court's factual findings for clear error. *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005). When the owner of property files a Rule 41(g) motion after the close of criminal proceedings, the motion is treated as a civil action in equity. *Id.* at 974. To be entitled to relief, the property owner must establish that he had a possessory interest in the property that was seized and that he has "clean hands." *Id.* (noting that the defendant who had pled guilty to

5

one count of conspiracy to distribute cocaine had "extremely 'unclean hands'" and that he was thus hardly entitled to equitable relief).

For example, in *United States v. Machado*, we held that the district court properly denied the defendant's Rule 41(g) motion because the return of his property would be inequitable. 465 F.3d 1301, 1307 (11th Cir. 2006), *overruled on other grounds by United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). We explained that granting the motion would require the district court to return property that he voluntarily forfeited to the government as a part of a valid plea agreement and that "[h]aving gotten the full benefit of his bargain, it would be inequitable to allow [the defendant] to escape the burdens." *Id.*

Here, the district court did not abuse its discretion by denying Rodriguez's Rule 41(g) motion for return of property. Regardless of whether the seizure was proper, Rodriguez is not entitled to equitable relief under Fed. R. Crim. P. 41(g) because he has unclean hands. *See Howell*, 425 F.3d at 974. First, Rodriguez pled guilty to all twenty-four counts of the superseding indictment, which included several counts of money laundering and possession with intent to distribute in violation of §§ 1956 and 1957. *See id.* at 973–94 (noting that the defendant had pled guilty and that the plea agreement contained a forfeiture provision); *Machado*, 465 F.3d at 1307. Additionally, a preliminary order of forfeiture was ordered on Rodriguez's account without objection, and the amount included in the preliminary

6

order of forfeiture covered the $4,600 at issue. *See Amodeo*, 916 F.3d at 970. Lastly, Rodriguez stipulated that the drug proceeds from his trafficking conspiracy were commingled with legitimate back funds and transferred between accounts to conceal his illicit activities. *See Puche*, 350 F.3d at 1153–54. As such, Rodriguez was not entitled to equitable relief under Rule 41(g), and the district court did not abuse its discretion by denying Rodriguez's motion. *See Howell*, 425 F.3d at 973.

## II.    Rule 17(c) motion

Whether the district court is divested of jurisdiction during the pendency of an appeal is a question of law we review *de novo*. *See United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995). Generally, when an appeal is filed, the district court is divested of jurisdiction "over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal." *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986). In *United States v. Diveroli*, 729 F.3d 1339 (11th Cir. 2013), we determined that the district court did not have jurisdiction to entertain a motion to dismiss the charging document in a criminal case under Federal Rule of Criminal Procedure 12(b)(3)(B) while the defendant's direct appeal was pending. *Id.* at 1343–44 (noting that if the appeal was successful, the motion would be mooted, and if the motion was successful, the appeal would be mooted). In *Shewchun*, we held that the district court was divested of jurisdiction from deciding the merits on the defendant's motions under Federal Rules of Civil Procedure 32 and

7

35(a), to correct an invalid sentence and to correct the record at sentencing, respectively, during the pendency of his appeal on the merits.  797 F.3d at 942-43.

Additionally, we review the district courts denial of a Rule 17(c) motion for subpoena for an abuse of discretion.  *See United States v. Link*, 921 F.2d 1523, 1528 (11th Cir. 1991) (applying abuse of discretion review for the denial of a Rule 17(b) motion).  A district court abuses its discretion if it fails to follow the correct legal standard, fails to follow proper procedures in making its determination, or makes clearly erroneous findings of fact.  *United States v. Muho*, 978 F.3d 1212, 1219 (11th Cir. 2020).  However, if an evidentiary ruling was in error, the harmless error standard applies, and the decision constitutes reversible error only if it substantially influences the outcome of the case.  *See id.*.

Rule 17(c) allows the individual to subpoena documentary evidence.  Specifically, Rule 17(c)(1) allows the district court to direct a witness to produce the designated items in court before a trial or before they are to be offered into evidence.  The district court has broad discretion in deciding whether to grant a request for a subpoena.  *See United States v. Johnson*, 495 F.2d 1097, 1102 (5th Cir. 1974).[1]

For example, in *Muho*, the district court denied the defendant's Rule 17(b) motions to subpoena two witnesses for trial without explanation or factual findings.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*See* 978 F.3d at 1220. Based on our independent review of the record, we held that the district court's denial was not an abuse of discretion and that any error was harmless because the great weight of the evidence supported the defendant's conviction and because the witnesses' testimony, if allowed, "would have substantially improved his case or his chances of a different verdict." *See id.*

Furthermore, a defendant arguing that prosecutorial misconduct affected his proceedings must generally show that the prosecutor's actions (1) were improper and (2) prejudiced the defendant's substantive rights. *See, e.g., United States v. Foley*, 508 F.3d 627, 637 (11th Cir. 2007).

Below, the district court did not explain its rationale for dismissing Rodriguez's motion. To the extent that the district court dismissed Rodriguez's motion to produce evidence under Rule 17 for lack of jurisdiction, the district court erred because the district court's jurisdiction was not divested to hear a collateral matter while Rodriguez's direct appeal was pending. *See Shewchun*, 797 F.2d at 942. We conclude, however, that any error by the district court was harmless as it did not substantially influence the outcome of the case. Rodriguez asserts he has heard the contents of the phone call he requested, Simmons did not testify against him at the sentencing hearing, and Simmons was intended to be used as an impeachment witness for another witness that was never called. *See Muho*, 978 F.3d at 1220. Furthermore, the district court had already denied Rodriguez's previous

9

request to preserve the phone call because his allegations of prosecutorial misconduct were bare.  Therefore, we reject this argument.

## III.    Rule 33 Motion

A district court has jurisdiction to hear a Rule 33 motion and may either deny the motion or express its intent to grant the motion while an appeal is pending. *United States v. Khoury*, 901 F.2d 975, 976 & n.3 (11th Cir. 1990); *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984).  However, if an appeal is pending, the district court may not grant the defendant's motion for new trial until the case is remanded. *See Khoury*, 901 F.2d at 976; Fed. R. Crim. P. 33(b).

Federal Rule of Criminal Procedure 33(a) states that, upon a defendant's motion for a new trial, "the court may vacate any judgment and grant a new trial if the interest of justice so requires," and "[i]f the case was tried without a jury, the court may take additional testimony and enter a new judgment."  Under Rule 33(b), a motion may be filed based on newly discovered evidence within three years of the finding of guilt.  Rule 33(b) authorizes a district court to grant a new trial based on new evidence only if the following five-part test is satisfied: (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a different result. *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir.

10

2003). Motions for a new trial based on newly discovered evidence are highly disfavored, and courts should use great caution in granting them. *Id.* Furthermore, a Rule 33 motion is an improper way to test the validity of a guilty plea. *See United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976).

Here, the district court did err by dismissing Rodriguez's motion for lack of jurisdiction. The district court had jurisdiction to consider, deny, or express its intent to grant Rodriguez's Rule 33 motion while his appeal was pending. *See Khoury*, 901 F.2d at 976 & n.3. However, Rule 33 was not an appropriate avenue for Rodriguez to challenge the validity of a guilty plea based on newly discovered evidence, and the district court could have denied the motion on this basis alone. *See Prince*, 533 F.2d at 208.

Accordingly, we affirm as to the three consolidated appeals.

**AFFIRMED.**