[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12752

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSH CLEMONTE ROLLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:13-cr-60033-JAL-2

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Josh Rolle appeals his sentence of 27 months' imprisonment imposed upon revocation of his supervised release. He argues that his sentence is procedurally and substantively unreasonable. We affirm.

## I.

Rolle, a Bahamian citizen, pleaded guilty in 2013 to conspiring to possess with intent to distribute cocaine. He was sentenced to 63 months in prison and five years of supervised release. As conditions of his supervised release, he was prohibited from committing another crime, required to surrender to immigration officers for removal after his imprisonment, and barred from reentering the United States without permission.

Rolle served his term of imprisonment and was deported. His term of supervised release began in April 2016. Three years later, Rolle was found in south Florida participating in a conspiracy to import several hundred pounds of marijuana into the United States. Rolle's probation officer filed a petition alleging that Rolle had violated the conditions of his supervised release by illegally conspiring to import marijuana into the United States and reentering the country without permission.

Before the supervised release revocation hearing, the probation officer provided the parties with a report calculating the

applicable Guidelines range as 24 to 30 months' imprisonment, based on the classification of the violations under § 7B1.1(a) of the United States Sentencing Guidelines and Rolle's criminal history category (I). The report also noted that U.S.S.G. § 7B1.3(f) provided that any sentence imposed on the revocation of supervised release shall be imposed to run consecutively to any term of imprisonment that the defendant is serving.

At the hearing, Rolle admitted to the violations and the district court found that he had violated the terms and conditions of his supervised release. The government argued for a sentence of imprisonment within the Guidelines range, to be imposed consecutively to the sentence for the new drug offense pursuant to U.S.S.G. § 7B1.3(f). Rolle argued that the court should either impose a sentence running concurrent to his sentence for the new drug offense or grant a variance below the Guidelines range. The district court stated that it had considered the statements of the parties, "the information contained in the violation report," and the sentencing factors in 18 U.S.C. § 3553(a). It stated that it considered a sentence "in the middle of the advisory guideline range" to be appropriate and sentenced Rolle to 27 months in prison, to be served consecutively to the sentence he was serving for the drug-importation offense. Rolle now appeals.

## II.

We generally review a sentence imposed upon revocation of supervised release for reasonableness, applying the deferential abuse-of-discretion standard. *United States v. Vandergrift*, 754 F.3d

4                    Opinion of the Court                    21-12752

1303, 1307 (11th Cir. 2014). When a defendant raises an argument regarding the procedural reasonableness of his sentence for the first time on appeal, however, our review is for plain error only. *Id.*

### III.

### A.

Rolle first argues that his sentence was procedurally unreasonable because the district court failed to calculate his Guidelines sentencing range at the supervised release revocation hearing. Rolle did not raise this objection before the district court when he was given the opportunity to do so; we therefore review the procedural reasonableness of his sentence for plain error. *Id.* Under the plain error standard, Rolle must show that (1) the district court erred; (2) the error was plain or obvious; and (3) the error affected his substantial rights. *Id.* If all three conditions are met, we may reverse if the error seriously affected the integrity, fairness, or public reputation of judicial proceedings. *Id.*

A district court may commit procedural error at sentencing if it fails to correctly calculate the applicable Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). But Rolle has not shown that the district court committed that error here. Citing *United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008), the district court acknowledged its duty to begin by correctly calculating the Guidelines range, and then to consider the parties' arguments regarding the appropriate sentence. Although the court did not state on the record that it agreed with the probation officer's proposed

Guidelines calculations, it stated that it had reviewed the probation officer's report, and it is apparent from the hearing transcript that both the parties and the district court were referring to the Guidelines range proposed in the report. Cf. *Rita v. United States*, 551 U.S. 338, 351 (2007) ("The sentencing judge, as a matter of process, will normally begin by considering the presentence report and its interpretation of the Guidelines.").

The government argued for a sentence "within the advisory guidelines range"; Rolle argued for either a concurrent sentence or "a variance below the guideline range"; and the district court stated that although it had initially "considered going above the advisory guidelines," defense counsel had persuaded the court "to sentence within the advisory guidelines" because of Rolle's unusual acceptance of responsibility. The court ultimately determined that a sentence at "the mid-level of the guideline range" was appropriate, and its sentence of 27 months is, in fact, at the midpoint of the correct Guidelines range of 24–30 months.[1]

---

[1] Rolle argues that the district court could have made an error in its Guidelines calculations—for example, by assigning Rolle the wrong criminal history category—and still come up with the correct Guidelines range. Such an error is highly unlikely, given that the district court reviewed the probation officer's report containing the correct criminal history category and Guidelines calculations and did not indicate any disagreement with the report. Rolle cannot meet his burden under the plain-error standard by engaging in idle speculation.

For sentences imposed upon revocation of supervised release, "it is sufficient that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing range established under the Guidelines." *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (quotation marks, emphasis, and citation omitted). The record before us gives ample indication that the district court correctly calculated and considered the applicable Guidelines range before imposing Rolle's sentence. Rolle has not shown that the district court committed plain error.

## B.

Rolle next argues that his 27-month sentence is substantively unreasonable because the district court failed to adequately consider the harshness of his incarceration during the COVID-19 pandemic, when many prison work and treatment programs are unavailable and access to the outside world is limited. He contends that the extended lockdowns caused by the pandemic are especially harsh for him because as a noncitizen, he is ineligible for certain time credits or for early release to a halfway house.

A district court may abuse its discretion and impose a substantively unreasonable sentence if it fails to consider relevant factors that should be given significant weight, gives undue weight to an irrelevant or improper factor, or commits a clear error in judgment when balancing the relevant factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). In considering the § 3553(a) sentencing factors, however, the weight given to any

specific factor generally is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). "The party challenging the sentence bears the burden of showing that it is unreasonable." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

Under the circumstances here, we are not persuaded that Rolle's sentence was substantively unreasonable. Although the court did not explicitly address Rolle's argument that the conditions of confinement during the pandemic were more harsh than usual, it stated that it had considered the parties arguments, along with the § 3553(a) sentencing factors, in determining that a 27-month sentence was appropriate. The court was not required to discuss each factor that it considered, and we will not assume that the court ignored Rolle's argument merely because it did not reference the argument at the hearing or in its sentencing order. *See United States v. Amedeo*, 487 F.3d 823, 832–33 (11th Cir. 2007).

The district court explained that in considering § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"), the fact that Rolle had illegally reentered the United States for the purpose of committing the same kind of crime for which his original sentence was imposed weighed in favor of a longer revocation sentence. The court also explained, however, that it had been persuaded in part by Rolle's argument that he had demonstrated extraordinary acceptance of responsibility by reaching out to the Federal Defender's office to set the revocation hearing and resolve the violations. The court

balanced these significant factors and determined that a 27-month sentence was appropriate.

We cannot say that this middle-of-the-Guidelines sentence—which was also well below the statutory maximum sentence of five years in prison—represents "a clear error in judgment" or "lies outside the range of reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936; *see United States v. Muho*, 978 F.3d 1212, 1227 (11th Cir. 2020) ("sentences that fall within the Guidelines range or that are below the statutory maximum are generally reasonable"). Rolle has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence.

## IV.

Rolle's 27-month sentence imposed on the revocation of supervised release was not procedurally or substantively unreasonable. We therefore affirm.

**AFFIRMED.**